524 So.2d 285 (1988)
Clifton HOLIDAY
v.
BORDEN CHEMICAL.
Nos. 85 CA 1334, 85 CA 1335.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Rehearing Denied May 13, 1988.
David W. Robinson, Baton Rouge, for plaintiff-appellant Clifton holiday.
Stephen H. Vogt, Baton Rouge, for defendant-appellee Borden Chemical.
Edward B. Dubuisson, Opelousas, for defendant-appellee Union Mut. Life Ins. Co.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
This case is on remand from the Louisiana Supreme Court, 508 So.2d 1381 (La. 1987), to fix a worker's compensation award in favor of plaintiff, Clifton Holiday, for injuries sustained during the course and scope of his employment with Borden *286 Chemical. The remand also mandates that this court address the issue of penalties and attorney's fees.

DISABILITY
Plaintiff sustained his back injury in May, 1981. Initially, he saw Dr. Joseph Patin who diagnosed acute back strain, prescribed an analgesic and a muscle relaxant, and advised plaintiff to stay off work pending resolution of his symptoms. When the symptoms persisted, Dr. Patin referred plaintiff to Dr. George Lohmann, a neurosurgeon, whom plaintiff first saw on August 24, 1981. Dr. Lohmann concluded that plaintiff had sustained a lumbar disc injury and when plaintiff's symptoms failed to respond to conservative treatment, Dr. Lohmann performed a myelogram on October 5, 1981, which confirmed the presence of disc herniation at L4-5 and L5-S1, necessitating immediate hemilaminectomy and diskectomy at those levels. Following his discharge from the hospital on October 12, 1981, plaintiff was followed by Dr. Lohmann until February, 1982.
On and after March 30, 1982, plaintiff was under the treatment of Dr. Kenneth Adatto, an orthopedist in New Orleans. Dr. Adatto performed a laminectomy fusion on plaintiff on September 24, 1982. Dr. Adatto concluded that plaintiff has a permanent disability of 20-25%; that he will have to protect his back; that he should not stoop, bend or lift heavy objects. Moreover, according to Dr. Adatto, plaintiff has developed scarring around the nerve root as a result of his multiple surgeries, a condition which creates the same problems as a ruptured disc. As of the date on which Dr. Adatto last testified (June 18, 1984), he felt that an additional CT scan should be performed to assess the need for further treatment because plaintiff was still complaining of back pain. While Dr. Adatto felt that plaintiff would benefit from re-training for work which would not require him to use his back, he was definite in his conclusion that if plaintiff is required to use his back, or engage in heavy lifting, stooping or bending, or engage in prolonged standing or sitting, he cannot work.
Plaintiff has also been under the care and treatment of Dr. Merlin R. Wilson, an internist, to whom Dr. Adatto referred plaintiff for his complaints of pain in his knees, pain and stiffness in his hands, and stiffness in his shoulders and elbows. The initial injury, according to Dr. Wilson, and the pain and stress resulting therefrom, have caused a fibrosis syndrome which has manifested itself in sleep disorders and disturbances. While the fibrositis itself is not disabling, the generation of pain from the back injury has resulted in the sleep disorder which, in turn, has caused generalized pain all over the body. There is no cure for this condition since it is a result of the underlying pathological condition, but it is treatable although the prognosis is uncertain.
At the time of his injury, plaintiff was employed by Borden as a process technician. His job called for heavy lifting and bending which he has been unable to perform since the accident. Furthermore, he cannot engage in work similar to other work performed by him in the past such as bus driver, drill press operator, or vehicle assembler.
Plaintiff has not worked since August 5, 1981, when he ceased working at Borden because of his back pain. We note that Borden continued to pay plaintiff his regular salary for ninety days after he left work on August 5, 1981. It was stipulated that the maximum rate of compensation applicable to this accident is $163.00 per week.

BENEFITS
This accident having occurred in 1981, the worker's compensation law in effect then is applicable.[1] Under the law as *287 it stood at that time, the courts adopted the "odd-lot" doctrine whereby the claimant is entitled to total and permanent disability when he establishes a prima facie case that, because of his physical impairment and other factors such as mental capacity, education, and training, he can perform no services other than those which are so limited in quality or dependability that a reasonably stable market for them does not exist. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983), citing Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La. 1980). This does not require that the employee be completely helpless or totally unemployable; it is not synonymous with "unable to obtain employment." Oster, 390 So.2d at 1323. The "odd-lot" doctrine also encompasses the situation where a worker cannot return to gainful employment without suffering substantial pain. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981); Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980).
Once an employee makes out a prima facie case under the odd-lot doctrine, the defendant/employer must show that some form of gainful employment is regularly available to the employee. Rodney v. CrownZellerbach Corp., 470 So.2d 538 (La.App. 1st Cir.1985).
Plaintiff at the time of trial was forty-three years old. He finished high school and two years of college; he had prior jobs as a drill press operator, vehicle assembler, bus driver, and a maintenance man. He testified that he was always in pain. The plaintiff's treating physicians in deposition state that plaintiff complained of pain to them. His wife, Grace Holiday, corroborates his testimony that he was always in pain. She further testified as to his physical limitations, as we discussed earlier. Based on this testimony and the medical testimony, we find that plaintiff has made a prima facie showing for classifying himself as an odd-lot employee. While plaintiff has a good educational background and mental ability, all of his prior job experience has been on jobs which involve manual labor, jobs which he can no longer perform; as far as less strenuous jobs, or jobs involving light labor, he is unable to perform them because of his substantial pain. See Rodney, 470 So.2d at 544.
In an effort to show that gainful employment is available to the plaintiff, defendant offered the testimony of an employee of a rehabilitation office who conducted a "job market survey" and found from consulting the want adds that work was available as a cab driver, pizza deliveryman and an inside auto parts man. Aside from the fact that two of these jobs require driving, which Dr. Adatto advised against, and the other requires lifting of an unknown quantity, this "survey" completely ignores the fact that plaintiff's primary limitation is pain. The witness admitted that she had not interviewed the plaintiff. If she had she would have been aware of the existence of a disability beyond mere functional limitations. We do not find that this testimony rebutted plaintiff's prima facie showing that he should be classified under the odd-lot doctrine.
Under the law of Louisiana applicable to this case, "once a worker is found, at the time of trial, to be temporarily totally disabled, he is entitled to a judgment for permanent total disability if the duration of the disability is indefinite or is not clearly indicated by the evidence." Sharbono v. H & S Const. Co., 478 So.2d 779, 785 (La.App. 3d Cir.1985). (Citations omitted).
A review of Dr. Adatto's latest deposition shows that the physical limitations imposed on plaintiff are permanent; Dr. Adatto said that until plaintiff was retrained within those limitations he was totally disabled. We further note that Dr. Adatto also testified that additional tests were needed to determine if plaintiff needed further treatment. Plaintiff was also *288 still suffering from the fibrositis at the time of trial.
Thus, whether plaintiff may be rehabilitated to the point where he can be gainfully employed within his pain limitations remains to be seen. Since Borden would have the right to re-open the issue of disability in the future, if and when rehabilitation succeeds or if plaintiff's condition changes, it is not prejudiced by a declaration that plaintiff is totally and permanently disabled. See Sharbono, 478 So.2d at 785.
Accordingly, we find plaintiff totally and permanently disabled within the meaning of the Louisiana Worker's Compensation Act[2] and order payment at the stipulated rate of $163.00 from August 5, 1981, for the period of plaintiff's disability subject to the provisions of the Louisiana Worker's Compensation Act. Borden is entitled to credit the regular salary it paid plaintiff for the ninety days after he left his employment against the compensation due. See Basco v. State, Department of Corrections, 335 So.2d 457 (La.App. 1st Cir.), writ denied, 338 So.2d 701 (La.1976).

STATUTORY PENALTIES
Plaintiff contends that he is entitled to statutory penalties and attorney's fees.
La.R.S. 23:1201.2(A) as it read prior to the 1983 amendment, provided, in pertinent part, as follows:
Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim, ...
At the time of this accident, Borden was self-insured. This status renders the employer subject to the statutory penalties and assessment of attorney's fees where the employee is not paid compensation under circumstances deemed to be arbitrary and unreasonable. LSA-R.S. 23:1201.2; Sharbono, 478 So.2d at page 787; Wactor v. Gurtler Hebert Const. Co., 343 So.2d 383 (La.App. 4 Cir.1977), writ denied, 345 So.2d 59 (La.1977).
Borden's defense of its refusal to pay compensation was based, first, on its contention that no compensable accident was reported to it. On this basis, Borden offered the testimony of its plant nurse and the plaintiff's supervisor in May, 1981, who testified that plaintiff did not inform them of any on-the-job injury. Borden gives as its second reason for not paying compensation the fact that Dr. Lohmann initially reported that he could not conclude that the injury was job-related.
Borden was not arbitrary and capricious in refusing to pay any weekly compensation to this plaintiff. The trial judge and the judges of the Court of Appeal found that the injury was not work-related. The supreme court held that the lower courts were clearly wrong. However, there was evidence in the record to support a conclusion that the injury was not work related. Relying on this evidence Borden denied the claim. Until the supreme court's reversal in this matter all courts had agreed with Borden. Under these circumstances we do not find Borden to have been either arbitrary or capricious in its refusal to pay benefits to plaintiff.

DECREE
For the above and foregoing reasons, we decree that Borden pay plaintiff weekly compensation at the rate of $163.00, commencing August 5, 1981, and continuing for the period of plaintiff's disability, with legal interest on the compensation payments from date due until paid; that Borden is entitled to a credit for the unearned wages paid plaintiff for the ninety days *289 after he left work on August 5, 1981; that Borden is liable for all medical expenses incurred by plaintiff in the treatment of his injury, subject to a credit for all medical expenses heretofore paid; that plaintiff's demand for penalties and attorney's fees is denied. Borden is to pay all costs in this matter, including that half of the costs previously assessed to plaintiff at the trial court and appellate court level.
JUDGMENT RENDERED.
NOTES
[1] LSA-R.S. 23:1221(2) as it read prior to the 1983 amendment is as follows:

§ 1221. Temporary, permanent, or partial disability; schedule of payments
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(2) For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
[2] Id.