JONES, Judge.
Defendants, Louise S. Davis Development Center and USF & G, appeal the trial court’s judgment finding plaintiff permanently and totally disabled and failing to specify the relief granted to plaintiff.
Plaintiff, Theresa Newman was employed by the defendant, Louise S. Davis Development Center as a Health Care Coordinator. The defendant facility provides live-in medical and psychological services for mentally retarded persons.
While employed at the defendant facility, plaintiff was injured on two separate occasions. On or about August 31, 1986, plaintiff injured her knee when a patient became aggressive forcing plaintiff to grab her from behind. As she grabbed the patient, the patient fell to the floor causing plaintiff to injure her knee. She timely filled out an incident/accident report.
The second incident occurred on September 20, 1986. A patient gave plaintiff a hug but lifted her feet off the ground and hung around plaintiffs neck. She filled out an incident/accident report.
Plaintiff went to see Dr. Robert Ruel, an orthopedic surgeon who was treating her for her knee, about the injury to her neck.
On November 19, 1986, Dr. Ruel performed orthoscopic surgery on plaintiff’s knee to repair a radial tear across the body of the meniscus. She sustained a 5% permanent disability to her knee.
Plaintiff resigned her position in December, 1986 and moved to Florida. Only a few months later, Newman returned to New Orleans. Plaintiff began working at St. Jude Hospital in Kenner as a LPN in March, 1987 and continued there until she quit in April, 1989. During this period she was treated by Dr. Ruel and Dr. Parnell for pain in her neck.
On June 20, 1988, plaintiff filed suit against Louise S. Davis Development Center and USF & G alleging that as a result of an injury to her neck on September 20, 1986, she is permanently and totally disabled. The matter was tried on April 27 and May 1, 1990. Following the trial, judgment was rendered in favor of plaintiff and against Davis and USF & G. Thereafter, Davis and USF & G perfected a suspensive appeal from the June 25, 1990 judgment seeking (1) that the judgment be reversed; or (2) that the judgment be modified so as to award lawful relief.
By its first assignment of error, Davis and USF & G argue that the trial court did not award plaintiff lawful relief. In its reasons for judgment, the trial court awarded plaintiff benefits, including medical, from defendants after her subsequent employment at the previous rate of $261.00 per week beginning on March 17, 1989. We find that the relief is only unlawful because the trial court erred in determining plaintiffs status; discussion of which is referable to plaintiff’s second assignment of error.
By its second assignment of error, Davis and USF & G argue that plaintiff did not prove that she is permanently and totally *1210 disabled. They argue that her burden of proof is greater than what the trial court required since the trial court considered whether plaintiffs continued employment was in substantial pain. Defendants argue that in 1983 the legislature amended La.R.S. 23:1221(2) pertaining to permanent total disability benefits designating employees who continued to work, whether or not they experience pain, to receive benefits under Section 1221(3), the supplemental earnings benefits category. Defendants argue that plaintiff continued to work after her injury. Therefore, it was error for the trial court to award her benefits under Section 1221(2).
We agree. The facts establish that plaintiff continued to work out of necessity and while in substantial pain. Her primary motivation was to be eligible for medical insurance because of her need for medical treatment. Testimony by her subsequent employers further establish that they were aware of plaintiffs physical limitations and her job performance expectations had been somewhat curtailed as a result. At the time of trial,- plaintiff had left the employ of St. Jude Hospital but, out of necessity, began to do telephone solicitation out of her home as she was able to.
Prior to 1983 an employee was considered totally and permanently disabled under the “odd-lot” doctrine if by virtue of his injuries his services were so limited in quality, dependability or quantity that a reasonably stable market for his services did not exist. Dick v. Charter Marketing Co., 561 So.2d 778 (La.App. 4th Cir.1990). Like Dick v. Charter Marketing Co., the cases that the trial court relied on, Broussard v. Subsurface Completion Serv., Inc., 338 So.2d 1217 (La.App. 3rd Cir.1976) and Serean v. Kaiser Aluminum & Chemical Corporation, 277 So.2d 732 (La.App. 4th Cir.1973) applied the pre-1983 statute. As this court observed in Dick v. Charter, the Louisiana Worker’s Compensation Act as it existed at the time of plaintiffs injuries is controlling. Plaintiffs accident occurred on September 20, 1986. Therefore, the statute as amended should be applied to the facts of this case.
Subsequent to 1983, the law pursuant to La.R.S. 23:1221(2)(b) provides:
Compensation for permanent and total disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd lot employment, sheltered employment, or employment while working in pain.
Accordingly, we find that the trial court erred in finding plaintiff permanently and totally disabled. Plaintiffs work history, subsequent to the accident, is a bar to her recovery of benefits under Section 1221(2).
However, the record supports the trial court’s findings that plaintiff functioned in substantial pain. There was expert testimony from plaintiff’s neurosurgeon, Dr. William Johnston, Jr., that plaintiff was a candidate for surgical intervention. His diagnosis was corroborated by Dr. Melvin L. Parnell, Jr., an orthopedic surgeon. Plaintiff had been referred to Dr. Parnell by USF & G. Both doctors found that plaintiff’s injuries were probably related to the traumatic lifting injury suffered at the Davis Center. Therefore, we find defendants’ arguments regarding plaintiff’s failure to prove a causal connection between her injury and the accident and failure to prove a disabling condition to be without merit.
Plaintiff is eligible to collect benefits under Section 1221(3), the supplemental earnings benefits category. She quit her job at St. Jude Hospital in March of 1989 and no compensation benefits have been paid to date.
At trial plaintiff testified to being able to handle three hours of telephone solicitation work a day at six ($6.00) dollars an hour. However, the record is insufficient in detail as to her present income for us to render judgment. We find it necessary to remand this case for a computation of supplemental earnings benefits under the statute. However, plaintiff is also entitled to medical costs in connection with this injury, including surgery, which may give plaintiff relief sufficient for her to return to work.
*1211 For the foregoing reasons, we affirm that part of the trial court’s judgment finding plaintiff disabled but delete that part of the judgment designating plaintiff permanently partially disabled. We reverse the trial court’s award and remand this case for a computation of supplemental earnings benefits in accordance with La.R.S. 23:1221(3).
AMENDED IN PART, AND AFFIRMED AS AMENDED; REVERSED IN PART, AND REMANDED.