649 So.2d 69 (1994)
Lester N. STRANGE
v.
COMBUSTION ENGINEERING, INC. and CNA Insurance Companies.
No. 94 CA 0215.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Jewel E. Welch, Jr., Baker, for plaintiff-appellant Lester N. Strange.
Edward F. Stauss, III, Baton Rouge, for defendant-appellee Combustion Engineering and CNA Ins. Cos.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
*70 LOTTINGER, Chief Judge.
This is an appeal from a rule to show cause why defendants should not be granted an offset/credit under La.R.S. 23:1212 for all medical expenses previously paid out of a plaintiff's labor union's health and welfare fund.
Judgment was entered for defendants, and plaintiff appeals.
There are two issues in this case. The first is whether the trial court erred by applying La.R.S. 23:1212 to grant an offset/credit for medical expenses arising out of an accident that occurred two years prior to the effective date of the statute. The second issue is whether the trial court erred in granting defendants an offset/credit for medical expenses paid out of an employee's union's health and welfare fund.
On February 24, 1988, while working within the course and scope of his employment as a boilermaker, plaintiff injured himself. He experienced pain in both his hips and back. After consulting a number of physicians, on or about January 6, 1989, it was recommended that hip surgery was needed.
From February 1, 1989, plaintiff sought worker's compensation benefits. The defendant employer and its insurance carrier denied benefits alleging that the plaintiff did not sustain an accident, or alternatively, if he did sustain an accident, the accident did not cause the disability. Defendants argued that the plaintiff's injuries were due to a degenerative disease that was pre-existing.
That matter was tried in the 19th Judicial District Court on November 15, 1989. That court ruled that plaintiff did sustain an injury as a result of the subject accident and that the plaintiff was entitled to total and permanent disability benefits. That court also found that plaintiff was entitled to have "all medical expenses related to his job-related injury paid as required by the statute."
The defendants appealed the district court's ruling to this court, and we affirmed in an unpublished decision. Strange v. Combustion Engineering, Inc., 90-1068 (La.App. 1st Cir. 6/27/91), 583 So.2d 1249 (Table).
Between the time of the district court's ruling and this court's affirmation, the plaintiff had two hip surgeries. Because of the defendants' initial unwillingness to pay medical costs associated with the surgeries, the plaintiff went to his union to receive the money required to have the operations. The operations were performed in April and October of 1990.
On January 1, 1990, La.R.S. 23:1212 came into effect. It was added by Acts 1989, No. 454. La.R.S. 23:1212 states:
Payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse actually pay premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.
Plaintiff's appeal is based on the apparent conflict between the trial court's interpretation of La.R.S. 23:1212 and this court's decision in Levatino v. Domengeaux and Wright, P.L.C., 593 So.2d 721 (La.App. 1st Cir.1991), writ denied 596 So.2d 196 (La.1992).
La.R.S. 23:1212 became effective on January 1, 1990, two years after the plaintiff's injuries occurred. In numerous decisions jurisprudence clearly holds that in the area of worker's compensation the law in effect at the time of the plaintiff's injuries is the applicable law. "The statute applicable to a particular injured worker is the one in effect on the date of the injury." (Emphasis added.) Johnson v. Fidelity & Casualty Insurance Company of New York, 618 So.2d 651, 654 (La.App. 2d Cir.1993). "The rights and duties of the parties are fixed according to the law at the time of injury." (Emphasis added.) Bradley v. Justiss Oil Company, Inc., 618 So.2d 646, 649 (La.App. 2d Cir. 1993). "The Louisiana Workers' Compensation *71 Act in effect on the date of plaintiff's injuries is controlling." (Emphasis added.) Holiday v. Borden Chemical, 524 So.2d 285 (La.App. 1st Cir.), writ denied, 531 So.2d 283 (La.1988) and Hernandez v. F.W. Woolworth Company, 516 So.2d 139 (La.App. 4th Cir.) writ denied, 516 So.2d 361 (La.1987), Hill v. L.J. Earnest, Inc., 568 So.2d 146, 152 (La. App. 2d Cir.1990), writ denied, 571 So.2d 652 (La.1990). "[T]he Louisiana Worker's Compensation Act as it existed at the time of plaintiff's injuries is controlling." (Emphasis added.) Newman v. Louise S. Davis Development Center, 598 So.2d 1208, 1210 (La.App. 4th Cir.1992). "The applicable law is that which is in effect at the time of the injury." (Emphasis added.) Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1st Cir.) writ denied, 629 So.2d 389 (La.1993). "While the definition was amended after the occurrence of the accident involved in this case, the governing law in a compensation action is that which was in effect at the time of the alleged injury." (Emphasis added.) Smith v. Exxon Chemical Americas, 619 So.2d 140, 142 (La.App. 1st Cir.1993).
We are aware that certain language in Levatino indicates this court would use the date that the claim became due rather than the date of injury to determine the proper statute to apply in worker's compensation law when a worker's compensation statute has been amended or added.
In the Levatino case the defendant was trying to receive an offset for the amount received by the plaintiff from the employer's insurance hospitalization policy for medical expenses incurred by her as a result of her compensable injury.
The language in Levatino upon which defendants rely is as follows:
La.R.S. 23:1212, effective January 1, 1990, specifically provides that payment of medical expenses owed in a worker's compensation claim by anyone other than by the employee, a relative or friend, extinguishes the medical benefits owed in the claim. However, La.R.S. 23:1212 was not in effect when the present claim became due and prior to its enactment the jurisprudence was to the contrary.
Levatino, 593 So.2d at 725 (emphasis added).
This language in Levatino is easily harmonized with the existing jurisprudence. A claim "becomes due" when the injury occurs, not when a formal request is made with the employer for payment of medical expenses.
Because we find that the worker's compensation law as it applied to injured workers at the time of this plaintiff's injury should be applied, defendants are not entitled to an offset/credit.
In Levatino, supra, this court stated:
In Bryant v. New Orleans Public Service, Inc., 414 So.2d 322 (La.1982) the court held that payment of claimant's medical expenses incurred from a work-related injury by her husband's group insurer could not be used to offset medical expenses paid by her employer under the Worker's Compensation law. The court held that such an offset would violate La. R.S. 23:1163 which prohibits an employer from requiring an employee to contribute directly or indirectly to the cost of worker's compensation. The violation would occur even if the husband's insurance was issued to him in consideration for his payments of premiums `or as his earned employee fringe benefit'. Bryant, 414 So.2d at 323. In Woolsey v. Cotton Bros. Bakery Co., Inc., 535 So.2d 1119 (La.App. 2d Cir.), writ denied, 537 So.2d 1168 (La.1989), the court held the Bryant rule applicable even where the group policy was purchased by the employer of the claimant to cover the claimant, and the premiums were paid by the employer. We find this case indistinguishable from Woolsey.

Levatino, 593 So.2d at 725.
This case is also indistinguishable from Woolsey with one exception. In Woolsey the insurance premiums were paid by the employer. At issue in this case is whether the money paid to the boilermaker's union health and welfare fund is a premium for health insurance and whether the employer paid the premium. Regardless of the answer, because the law that should be applied prohibits *72 an offset/credit under La.R.S. 23:1163 in favor of the employer, those issues do not need to be determined by us.
Clearly the law as it existed at the time of the plaintiff's injuries prohibits the employer and its insurer in this case from receiving an offset/credit.
Accordingly, the trial court's decision granting the offset/credit to the defendants is reversed at defendants' costs.
REVERSED AND RENDERED.