666 So.2d 1173 (1995)
Roy MACKIE
v.
COAST QUALITY CONSTRUCTION.
No. 95-CA-668.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 1995.
Rehearing Denied February 16, 1996.
Denis P. Ganucheau, Gretna, for Plaintiff-Appellee.
Raymond P. Augustin, Jr., Metairie, for Defendants-Appellants.
Before BOWES, DUFRESNE and GOTHARD, JJ.
*1174 DUFRESNE, Judge.
This is a workers' compensation case. Roy Mackie, claimant, injured his back on his job with Coast Quality Construction Co. in 1984, and underwent several surgeries. He was paid temporary total disability compensation until April, 1988, when he went to work for another business. However, in December, 1989, he left that job because of back pain related to the prior accident. He filed the present claim for benefits in April, 1990, almost two years after receiving the last compensation payment. In 1994, while the claim was still pending, he was diagnosed as suffering from arachnoiditis (inflammation of the membrane covering the spinal cord), a condition related to the prior surgeries. The employer urged an exception of prescription as to the compensation claim and raised several issues concerning the bills for medical treatments submitted by claimant.
The Hearing Officer ruled that the portion of the claim relating to the prior disability had prescribed, but that because the disability relating to the arachnoiditis had manifested itself only in 1994, that portion of the claim was still viable. She therefore awarded benefits beginning in 1994. She also ordered payment of certain outstanding medical bills, as well as a penalty of $2,000.00, and attorney fees of the same amount, for the employer's arbitrary and capricious refusal to pay those bills. For the following reasons, we conclude that the entire claim for compensation has prescribed and thus set aside the award of compensation benefits. We also set aside the award of penalties and attorney fees as being unwarranted. In all other respects, the judgment is affirmed.
Prescription of workers' compensation claims is governed by La.R.S. 23:1209(A), which provides:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, ... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
In the present case the accident occurred in 1984, and temporary total disability payments were made until April 26, 1988. Under the clear wording of the statute, any further claim for compensation was forever barred as of April 26, 1989, one year after the last payment. The present claim was not made until April 20, 1990, clearly beyond the one year period, and it is therefore prescribed.
The Hearing Officer stated in her reasons for judgment that because of the more than one year period between the last payment and the filing of the claim, any benefits relating to the original injury had indeed prescribed. She further ruled, however, that because the arachnoiditis did not develop into a disabling condition until 1994, that portion of the claim was timely. We disagree. The last sentence of the statute states that when the injury does not develop immediately after the accident, then the claimant has one year from manifestation of the injury to file, but in no event more than two years after the accident. Assuming that the evidence showed that the arachnoiditis developed only in 1994, that was some ten years after the accident, and thus that claim has clearly prescribed, see Duncan v. State, DOTD, 556 So.2d 881 (La.App. 2 Cir.1990).
In regard to the medical payments, the employer implicitly acknowledges that the prescriptive period is three years from the last payment as per La.R.S. 23:1209(C), and that the claim for such payments was thus timely. It urges, however, that claimant's medical bills are being paid, at least in part, by Medicaid and his wife's group benefits *1175 insurer and that it is entitled to a set-off of these amounts pursuant to La.R.S. 23:1212. Claimant argues, to the contrary, that the above statute did not become effective until January 1, 1990, and that because his claim for medicals actually relates to his 1984 accident, the employer here cannot benefit from that later change. This precise issue was addressed in Strange v. Combustion Engineering, Inc., 649 So.2d 69 (La.App. 1 Cir.1994), and that court held that in worker's compensation cases the law in effect at the time of the injury is controlling. We agree with the reasoning in that case and hold here that the employer is not entitled to the off-set.
The next issue is whether the employer is entitled to invoke the $750.00 cap on medical expenses provided by La.R.S. 23:1142, for claimant's failure to get its consent for certain non-emergency treatments. We note, however, that this statute became effective in 1986 and therefore that the rule enunciated in Strange, supra, applies to this question as well. The prior statute pertinently provided that reasonable medical bills related to the injury were to be paid when approved by the director or the courts. Although the original adjudication of claims is now done by Hearing Officers, rather than the courts, we deem approval of such bills by the Hearing Officers as tantamount to court approval. Here, the Hearing Officer made the factual determinations that the bills were reasonable and related to the injury, and ordered their payment. The order for payment is based on these factual findings, and we can set these findings aside only if they are manifestly erroneous, Rosell v. ESCO, 549 So.2d 840 (La.1989). On the record here, there is ample evidence to support the findings, and we must, therefore, affirm the order for payment.
The final issue concerns penalties and attorney fees. Pursuant to La.R.S. 23:1201.2, an employer has 60 days from submission in which to pay claims for medical treatment, and is liable for payment of penalties and attorney fees if the failure to pay timely "is found to be arbitrary, capricious, or without probable cause." In the present matter, the facts underlying the employer's refusal to pay certain bills are somewhat complex. The record shows that claimant underwent several surgeries for disc problems in his back, the bills for all of which were paid timely. He continued to be treated at the employer's expense for problems of pain and possible addiction to pain medication. He was treated for this latter condition by Dr. Dunn, a psychiatrist, who was attempting to reduce the amount of medication being taken. By 1989, the various orthopaedists and neurologist who had treated him indicated that there was not much else to do for the pain.
It appears that claimant then began seeing Dr. Rawls, his family physician, who continued to prescribe pain medication. When the bills for those prescriptions were presented to the claims manager of the employer's insurer sometime in 1993, she declined to pay them on grounds that they had not been prescribed by Dr. Dunn. The record further shows that in 1994, claimant moved to Atlanta where he began seeing Drs. Osborne and Lebert for his continuing pain. The bills from those physicians were never submitted for payment, ostensibly because claimant assumed they would not be paid either. On this showing, the Hearing Officer found that the failure to pay these bills was arbitrary and capricious, and awarded penalties and attorney fees. In this court's opinion, this was error.
As to the bills for Drs. Osborne and Lebert, there was, in fact, no presentation of the bills for payment, so the 60 day period could not have commenced to run, see Lang Pham v. Delta Petroleum Co. Inc., 503 So.2d 149 (La.App. 5 Cir.1987). As to the prescriptions written by Dr. Rawls, it is apparent that the claims adjuster believed it counterproductive for Dr. Dunn to be weaning claimant from the pain medication while at the same time Dr. Rawls was continuing to prescribe the drug. Although the Hearing Officer eventually found that the bills for the prescriptions were reasonable and related to the injury, and therefore should have been paid, that finding does not per se establish that the refusal to pay was arbitrary or capricious.
*1176 The facts here show that over the years, and as late as 1993, the insurer paid tens of thousands of dollars for medical treatments without delay, and continued to refer claimant to specialists in attempts to resolve his pain. The adjuster apparently concluded, based on the various medical reports of Dr. Dunn, that claimant suffered from a possible addiction problem and this conclusion was certainly a reasonable one. While it may have been beyond her competence to further determine that it was anomalous for the insurer to be paying one doctor to reduce the drug dependence, while at the same time paying for continued prescriptions for that same drug by another doctor, that conclusion was certainly not unreasonable. We therefore find that the Hearing Officer fell into manifest error in determining that the insurer acted arbitrarily and capriciously on declining to pay the pharmacy bills, and that the award of penalties and attorney fees must be set aside.
For the foregoing reasons, the exception of prescription on the workers compensation claim is hereby sustained, and the award of penalties and attorney fees is set aside. In all other respects, the judgment is affirmed.
REVERSED IN PART, AFFIRMED IN PART.