593 So.2d 721 (1991)
Hazel E. LEVATINO
v.
DOMENGEAUX AND WRIGHT, P.L.C. and Aetna Life and Casualty.
No. CA 91 0091.
Court of Appeal of Louisiana, First Circuit.
December 30, 1991.
Concurring and Dissenting Opinion January 2, 1992.
Writ Denied March 20, 1992.
*722 Christopher Moody, Hammond, La., for plaintiff.
Robert C. Funderburk, Jr., Baton Rouge, for defendant-appellant Aetna Life and Cas.
Before EDWARDS, SAVOIE, CRAIN, FOIL and GONZALES, JJ.
Concurring and Dissenting Opinion of Judge Foil January 2, 1992.
CRAIN, Judge.
Defendant, Aetna Casualty and Surety Company (Aetna), appeals from a trial court judgment denying their exception of prescription and awarding plaintiff medical expenses and other related expenses (travel, medication, etc.), penalties and attorney's fees. The judgment further directs Aetna to reinstate compensation benefits and to pay medical and travel expenses and other related worker's compensation claims as they accrue. We affirm.

FACTS
Plaintiff instituted this action for worker's compensation benefits against her employer, Domengeaux and Wright a professional law corporation, and its compensation insurer, Aetna. She alleges that an on-the-job injury occurred on April 17, 1987, when she hurt her back after lifting a word processor in order to set up a computer work station for a new employee. She reported back pain immediately and sought medical treatment. Over an extended period of time, she was treated by a family physician, chiropractors, and physical therapists. She was finally referred to Dr. R.C. Llewellyn, a neurosurgeon. He diagnosed a ruptured disc in plaintiff's lower back and performed disc surgery on January 4, 1988.
After the surgery, plaintiff's condition improved somewhat and she attempted to do light duty work at her home for her employer. The law firm paid her regular salary from January through October 15, 1988. Plaintiff had hoped to return to work after the surgery, but her condition deteriorated to the point that she was unable to work at her home. She had a second surgery on October 5, 1988, to repair an additional herniated disc. Dr. Llewellyn testified by deposition that plaintiff's present condition along with both operative procedures are related to the injury she received in April, 1987. Plaintiff has continued to have complications since the second surgery. Dr. Llewellyn felt that plaintiff is totally disabled and is in need of further neurosurgical care.
Plaintiff was taken off of the payroll at the law firm after her second surgery in October, 1988. Prior to that time, she was covered under a hospitalization policy, the cost of which was paid for by her employer. In fact, the hospitalization insurance carrier paid the medical expenses incurred by plaintiff through her first surgery, which amounted to $24,521.08. When plaintiff was removed from the payroll, she began paying the hospitalization premiums herself.
After her second surgery and the ensuing termination of her employment, plaintiff filed a claim with the Office of Worker's Compensation on December 29, 1988[1]. By check dated March 8, 1989, plaintiff received her first worker's compensation payment from Aetna in the amount of $4,923.20, for the period from October 16, 1988, through March 4, 1989. The OWC's recommendation was eventually rejected by one of the parties, and plaintiff filed the instant suit on April 10, 1989. Plaintiff testified at trial, on November 3, 1989, that she has received regular compensation benefits since the time Aetna made the first lump sum payment in March, 1989. However, she sought to recover medical expenses totalling $49,641.12 (which amount includes $24,521.08 paid her by her employer's hospitalization insurance carrier). Plaintiff further sought recovery of penalties and attorney's fees for Aetna's arbitrary and capricious refusal to pay her claim for medical expenses and for the late payment of disability compensation.
*723 After a trial on the merits, the trial court took the matter under advisement. Thereafter, on May 23, 1990, defendants filed a preemptory exception of prescription. In written reasons for judgment, the trial court ruled, in pertinent part, as follows:
(1) Defendant's preemptory exception was overruled. Prescription was interrupted by the employer's continuing payment of plaintiff's normal wages in lieu of worker's compensation benefits after the occurrence of her injury.
(2) Aetna, as the worker's compensation carrier, is responsible for payment of plaintiff's medical expenses and is not entitled to any credit or setoff for the amount paid by the employer's group health insurance provider, under the general collateral source rule.
(3) Aetna acted arbitrarily and capriciously in the denial of payment of the medical expenses and in the untimely late payment of worker's compensation. Aetna owes penalties of 12% on the weekly worker's compensation benefits from October 1, 1988, through March 4, 1989, and on the medical and other related expenses. Aetna owes attorney's fees in the amount of $12,500 (for 125 hours at the rate of $100 per hour).
Aetna brings the instant appeal, urging as follows:
1. The trial court erred in failing to sustain its preemptory exception of prescription on plaintiff's claim for medical expenses;
2. Alternatively, the trial court erred in failing to allow it an offset for medical expenses paid by defendant's health care insurance.
3. The trial court erred in determining that it acted arbitrarily and capriciously and in thus imposing penalties and attorney's fees; and
4. Alternatively, the amount of attorney's fees awarded was excessive.

PRESCRIPTION
Aetna argues that plaintiff's claim for medical expenses has prescribed because her accident occurred in April, 1987, her claim was not filed with the Office of Worker's Compensation until December, 1988, and suit was not filed until April, 1989. Appellant contends that receipt of wages in lieu of compensation benefits does not interrupt the running of prescription as to the medical benefits.
La.R.S. 23:1209 sets forth the prescriptive periods for all claims for worker's compensation. Part C of that section specifically applies to claims for medical expenses. Aetna argues that there are two distinct prescriptive periods set forth in La.R.S. 23:1209(A) and (C) for compensation benefits and medical expenses as a result of a 1986 amendment. They further argue that the claims are not interrelated and the prescription on a claim for medical expenses is interrupted only by a medical payment. We disagree with this argument. Neither the statutory law nor jurisprudence supports this position.
Prior to the 1986 amendment La.R.S. 23:1209 provided that all claims for payments were barred by failure to file a claim within one year of the accident or one year from "the last payment". Since payments were not distinguished the courts applied the same one year period to claims for compensation and medical expenses. Malone & Johnson, Worker's Compensation, 14 La.Civ.Law Treatise Sec. 384 at 122-123 (1991 Supp.). However, in Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985) the court was faced with a claimant who had lost his left foot. He was fitted with an artificial limb and received 500 weeks of benefits. After all weekly benefits had been paid and more than a year had elapsed from the last medical expense payment, the claimant incurred substantial additional medical expenses. Dealing with the prescriptive-peremptive period after the last payment of medical expenses the court applied a 10 year period to medical expenses. This inferentially treated compensation and medical benefits separately. However, it is noteworthy that the factual situation before the court in Lester involved the lapse of a year after medical payments ceased. It did not deal with the payments necessary to interrupt prescription.
*724 The legislature reacted to the ten year prescriptive-peremptive period established by the Supreme Court in Lester by amending La.R.S. 23:1209 to specifically provide a three year limitation after the last payment of medical expenses to claim further medical benefits. Contrary to Aetna's argument, the statute is silent as to what type of payments interrupt a claim for medical expenses in a worker's compensation action and does not mandate separate treatment of these claims for purposes of interruption of prescription. It simply provides that agreement as to "payments to be made under this Chapter" or the filing of a claim interrupts prescription. Payments under this Chapter could include weekly benefits since medical payments and weekly benefits are both provided for in the same Chapter.
Since the amendment to La.R.S. 23:1209 does not contemplate the separate treatment of weekly benefits and medical benefits for purposes of interruption of prescription, the jurisprudence interpreting La.R.S. 23:1209 prior to amendment is pertinent. In Rowley v. Lumbermen's Mutual Casualty Company, 247 So.2d 135 (La. App. 4th Cir.1971) the court summarized the jurisprudence where it was claimed that medical expenses interrupt a claim for weekly benefits. The court observed as follows:
It has long been held that a payment of medical expenses will not serve to interrupt prescription as to a compensation claim. Devillier v. Hartford Accident & Indemnity Co., La.App. 219 So.2d 338 (1st Cir.1969); writ refused, 253 La. 1087, 221 So.2d 519. Davis v. Brown's Velvet Dairy Products, La.App. 43 So.2d 266 (Orleans Appeals 1949). There are various reasons for such a holding. R.S. 23:1203 requires the employer to furnish medical care to the employee. However, 23:1204 provides:
`Neither the furnishing of medical services or payment by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.'
The reasons for these requirements are as enumerated and Mr. Wex Malone in his treatise states: `This is probably for the purpose of encouraging the employer to furnish medical assistance in all cases without fear that by so doing he may prejudice his position with respect to a possible compensation claim.' Malone, La. Workmen's Compensation, Section 384, page 500.
Rowley, 247 So.2d at 136.
It is clear that medical payments do not interrupt prescription on a claim for weekly benefits. However, the converse is not true. In Ancelet v. Moreno's Air Conditioning, Inc., 331 So.2d 127 (La.App. 3rd Cir.1976) the Court held that weekly benefits do interrupt prescription on a claim for medical benefits incurred as the result of a job-related injury. The court pointed out that the policy of encouraging needed medical payments by the employer without extending exposure for weekly benefits is not present in considering whether payment of weekly benefits interrupts the prescription of medical benefits. Consequently, there is no policy reason for disallowing the interruption.
There are sound reasons to allow weekly benefits to interrupt a claim for medical expenses. It is grossly unfair for a claimant, such as the one in this case, to be disabled from a job-related injury and drawing weekly benefits for that disability, and yet be denied medical benefits for the disabling injury. Further, a disabled employee drawing weekly benefits would be encouraged to incur unnecessary medical expense for the sole purpose of keeping the claim viable.
We hold that the payment of weekly benefits for a disabling injury interrupts a claim for medical expenses incurred in connection with that injury.

OFFSET OF MEDICAL EXPENSES
While plaintiff was on the payroll of the law firm which employed her she was covered under a hospitalization policy paid for by the employer. She received $24,521.08 from that policy for medical expenses incurred by her as the result of her compensable injury. Aetna claims an offset *725 for that amount. We agree with the trial court that an offset should not be allowed.
La.R.S. 23:1212, effective January 1, 1990, specifically provides that payment of medical expenses owed in a worker's compensation claim by anyone other than by the employee, a relative or friend, extinguishes the medical benefits owed in the claim. However, La.R.S. 23:1212 was not in effect when the present claim became due and prior to its enactment the jurisprudence was to the contrary.
In Bryant v. New Orleans Public Service, Inc., 414 So.2d 322 (La.1982) the court held that payment of claimant's medical expenses incurred from a work-related injury by her husband's group insurer could not be used to offset medical expenses paid by her employer under the Worker's Compensation law. The court held that such an offset would violate La.R.S. 23:1163 which prohibits an employer from requiring an employee to contribute directly or indirectly to the cost of worker's compensation. The violation would occur even if the husband's insurance was issued to him in consideration for his payments of premiums "or as his earned employee fringe benefit". Bryant, 414 So.2d at 323. In Woolsey v. Cotton Bros. Bakery Co., Inc., 535 So.2d 1119 (La.App. 2d Cir.), writ denied, 537 So.2d 1168 (La.1989), the court held the Bryant rule applicable even where the group policy was purchased by the employer of the claimant to cover the claimant, and the premiums were paid by the employer. We find this case indistinguishable from Woolsey. Consequently, the trial court was correct in refusing to allow the offset.

STATUTORY PENALTIES AND ATTORNEY'S FEES
Statutory penalties of twelve percent on unpaid medical expenses and reasonable attorney's fees are awarded under La.R.S. 1201.2 predicated on a failure to pay which is arbitrary, capricious or without probable cause. Dupre v. Sterling Plate Glass & Paint Co., Inc., 344 So.2d 1060 (La.App.1977). Given the jurisprudence concerning the interruption of prescription on medical benefits by the payment of weekly benefits, we are precluded from finding that the trial court was manifestly erroneous in finding the refusal to pay those benefits was arbitrary or capricious or without probable cause.
Plaintiff is also entitled to penalties and attorney's fees on her claim for the late payment of worker's compensation benefits. The assessment of penalties is proper under La.R.S. 23:1201 when the insurer does not have a reasonable basis to believe that compensation benefits are not due and fails to pay the first installments fourteen days after the insurer has knowledge of the injury. Under La.R.S. 23:1201.2, the assessment of attorney's fees is proper when an insurer fails to pay benefits due within sixty days after receipt of written notice. If failure to pay is found to be arbitrary, capricious or without probable cause, the insurer must pay reasonable attorney's fees for the prosecution of the claim.
In this case, the insurer was notified of plaintiff's injury and her claim for compensation benefits, at the very latest, when she filed the claim with the Office of Worker's Compensation on December 29, 1988. Plaintiff did not receive her first payment until 69 days later when Aetna issued a check dated March 8, 1989, in the amount of $4,923.20, covering the period from October 16, 1988 through March 4, 1989. No explanation or evidence was offered at trial as to why benefits were not paid promptly. Without evidence of the facts existing and known to Aetna, this court cannot determine whether or not there was a reasonable basis for a dispute as to plaintiff's entitlement to compensation benefits. See Culotta v. Great Atlantic and Pacific Tea Company, 524 So.2d 259, 262 (La.App. 5th Cir.), writ denied, 530 So.2d 88 (La.1988). Accordingly, we find that the trial court did not err in awarding penalties and attorney's fees to plaintiff on her claim for late compensation benefits.
In its judgment, the trial court awarded attorney's fees in the amount of $12,500, based upon 125 hours of work performed in *726 this matter at the rate of $100 per hour. After examining the record and considering the time spent by plaintiff's attorney in prosecuting her claim for compensation benefits, we find that an award of $12,500 is a reasonable amount to compensate him for the services rendered in connection with that claim.
For the foregoing reasons the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.
SAVOIE, J., concurs only in the result.
FOIL, J., concurs in part, dissents in part and assigns reasons.
GONZALES, J., concurs in part and dissents in part for reasons assigned by FOIL, J.
FOIL, Judge, concurs in part and dissents in part.
I concur with the majority except for that portion of the opinion that awards plaintiff's claim for medical expenses.
Aetna argues that plaintiff's claim for medical expenses has prescribed because her accident occurred in April, 1987, her claim was not filed with the Officer of Worker's Compensation until December, 1988, and suit was not filed until April, 1989. Appellant contends that receipt of wages in lieu of compensation benefits does not interrupt the running of prescription as to the medical benefits. Aetna asserts that under La.R.S. 23:1209(C), indemnity and medical benefits are not interrelated such that the payment of one interrupts prescription as to the other. I agree that that position is legally correct.
La.R.S. 23:1209 sets forth the prescriptive periods for all claims for worker's compensation. Part C of that section specifically applies to claims for medical expenses. The Workers' Compensation segment of the Louisiana Civil Law Treatise contains an informative review of this provision concerning prescription on claims for medical expenses. It states as follows:
The Supreme Court's decision in Lester v. Southern Casualty Insurance Company caused considerable stir. The claimant had suffered the loss of his left foot and a part of his left leg in a work-related accident in 1970. He was fitted with an artificial limb and received the then-maximum 500 weeks of weekly benefits, the last one being paid in 1980. Substantial medical expenses were also paid, the last such payment being on January 25, 1980.
During the period from August, 1981 to October, 1982, the claimant incurred additional medical expenses, primarily related to the artificial limb. In late 1982, the carrier denied payment for those expenses and suit was instituted on December 22, 1982. Both lower courts felt that the claim for the additional medical expenses was prescribed, having been instituted more than a year after the last medical payment. The supreme court granted a writ and reversed.
The lower courts had followed earlier jurisprudence in applying to medical-expense claims the same prescriptive period applicable to weekly benefit claims, since the Act itself was silent on the specific issue of medical-expense claims. Obviously uncomfortable with the result of the facts before it, the supreme court overruled its own precedent on the issue and held that absent a clear statement in the Act as to time period, the claim could be governed only the general ten-year prescription of the Civil Code with respect to personal actions.
A concurring justice reasoned that the one-year prescriptive period in the Act previously applied to medical expenses should be actually incurred. He concluded that the employer's liability for both weekly benefits and medical expenses was already established, and that the prescriptive period should simply be applied when that liability was actually called into question.
As it turned out, neither the majority opinion nor the concurrence was the final work on the subject. The chosen period was simply too long, and the legislature promptly remedied the situation by enacting a specific prescriptive period in *727 the act for medical expenses. It chose a scheme virtually identical to that for supplemental earnings benefits. If no payment have been made, the claim for medical expenses prescribes one year from the accident. If payments have been made, the claim prescribes only three years from the date of the last payment. [Footnotes omitted.]
Malone & Johnson, Workers' Compensation, 14 La.Civ. Law Treatise § 84 at 122-123 (1991 Supp.).
La.R.S. 23:1209 by enacting subsection B (which was later redesignated as subsection C on authority of La.R.S. 24:253) to provide a special prescriptive period for medical expense claims. As noted in the material quoted above, there are two distinct prescriptive periods set forth for compensation benefits and medical expenses. The two claims are not interrelated. The statute is clear that prescription on a claim for medical expenses is only interrupted by a medical payment; if none is made, the claim for medical expenses prescribes one year from the date of the accident.
In the instant case, the plaintiff was injured on April 18, 1987. Her claim for medical benefits was not filed with the Office of Worker's Compensation until December 29, 1988, one year and eight months after her injury. Suit was subsequently filed on April 10, 1989, almost two years following the date of the accident. There is no dispute that not no medical payments were made, and as such, plaintiff's claim for medical expenses has clearly prescribed. The trial court erred in failing to sustain Aetna's preemptory exception of prescription.
It may appear to be inconsistent to order continued payments of weekly worker's compensation benefits, while at the same time holding that medical expense payments have prescribed. However, this is what the legislature has enacted. It should be changed only by legislative act, not a judicial pronouncement.
NOTES
[1] There is no evidence of this claim in the record before us. However, we accept this date as being correct because it is referred to by both parties in brief and/or various memorandums of authority filed into the record.