722 So.2d 1171 (1998)
Kenneth BELLARD, Plaintiff-Appellee
v.
GREY WOLF DRILLING, Defendant-Appellant.
No. 98-651.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
James Michael Stefanski, Crowley, for Kenneth Bellard.
Masonie Terrence Halley, Jr., Lake Charles, for Grey Wolf Drilling.
Before DOUCET, C.J., and YELVERTON, COOKS, SULLIVAN and PICKETT, JJ.
SULLIVAN, Judge.
Grey Wolf Drilling Company and Gray Insurance Company appeal a judgment in favor of Kenneth W. Bellard ordering them to pay Mr. Bellard medical benefits. Appellants contend Mr. Bellard's claim for medical benefits is prescribed. Mr. Bellard contends his receipt of supplemental earning benefits (SEB) interrupted prescription on his medical benefits. Alternatively, he contends defendants are liable to him for medical benefits because the adjustor who handles his claim assured him any medical expenses incurred during the time he was receiving SEB would be the responsibility of his employer.
For the reasons that follow, we reverse the judgment of the workers' compensation judge and remand the matter for further proceedings.

FACTS
The facts of this matter are simple and were stipulated to by the parties prior to the hearing before the workers' compensation judge. On June 23, 1997, Mr. Bellard filed a disputed claim with the Office of Workers' Compensation seeking payment of medical expenses incurred by him in 1997 for an injury that occurred as the result of an on-the-job *1172 accident in February 1992. Mr. Bellard's employer last paid medical expenses on August 22, 1992. From the date of his accident until August 28, 1992, Mr. Bellard was paid temporary total disability (TTD) benefits. On August 28, 1992, the TTD benefits were converted to SEB. In April 1997, Mr. Bellard experienced an exacerbation of the work-related injury requiring that he seek medical treatment, which included surgery. It is undisputed that the medical expenses which are the basis of this claim are related to the February 12, 1992 injury.

LAW
Time limitations for making all claims for workers' compensation benefits are contained in La.R.S. 23:1209. Paragraph A provides time limitations for payments in case of personal injury. Paragraph C provides for medical benefits and reads as follows:

All claims for medical benefits payable pursuant to La.R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.

(Emphasis added.)
This provision was added to the statute in 1985 by Act 926 § 1; it became effective January 1,1986.
Prior to 1986 there was no distinction between indemnity benefits and medical payments. "Claims for payments" had to be made within one year of the accident or one year from "the last payment." Due to the absence of a statutory time limitation for medical benefits, one developed jurisprudentially. The jurisprudential time limitation provided the payment of indemnity benefits interrupted prescription on medical payments. See Ancelet v. Moreno's Air Conditioning, Inc., 331 So.2d 127 (La.App. 3 Cir. 1976).
Plaintiff cites Levatino v. Domengeaux & Wright, 593 So.2d 721 (La.App. 1 Cir.1991), writ denied, 596 So.2d 196 (La.1992), in support of his position. The court in Levatino held the payment of weekly benefits interrupted prescription as to medical expenses resulting from the injury for which weekly benefits were being paid. The employer argued paragraphs A and C provide separate prescriptive periods. In rejecting the employer's argument, the court opined that "[n]either the statutory law nor jurisprudence supports this position" and "the statute is silent as to what type of payments interrupt a claim for medical expenses in a worker's compensation action and does not mandate separate treatment of these claims for purposes of interruption of prescription." Id. at 723.
Defendants cite Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, writ denied, 96-2925 (La.1/24/94), 686 So.2d 868, in support of their argument that plaintiff's claim for medical benefits prescribed. In Rapp, the court held offsets against collateral sources by the defendant was a tacit acknowledgment of the plaintiff's entitlement to indemnity benefits. However, it determined the offsets did not interrupt prescription of the plaintiff's claim for medical benefits. In reaching this conclusion, the court distinguished Levatino because the prescriptive period at issue therein was the one year time period contained in the first sentence of paragraph C, not the three year prescriptive period.
In Dugas v. Durr, 96-744, (La.App. 3 Cir. 3/6/98), 707 So.2d 1368, 1370, some general rules of statutory construction were reviewed:
Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. Hutchinson v. Patel, 93-2156 (La.5/23/94), 637 So.2d 415. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La.Civ.Code art. 9; Billiot v. B.P. Oil Co., 93-1118 *1173 (La.9/29/94), 645 So.2d 604. The starting point for interpretation of any statute is the language of the statute itself. Touchard v. Williams, 617 So.2d 885 (La.1993). "A part or section of an act should be interpreted in connection with the rest of the act...." Hall v. Hall, 617 So.2d 204, 206 (La.App. 3 Cir.1993).
Our review of La.R.S. 23:1209 and the discussions in Levatino and Rapp lead us to the conclusion that we agree with the result reached by the court in Rapp. In our opinion, the wording of La.R.S. 23:1209 is "clear and unambiguous." A simple reading of paragraphs A and C leads to one conclusion, the prescriptive periods provided in these paragraphs are separate from and unrelated to each other. Paragraph A provides time limitations for claims "in case of personal injury." Paragraph C provides time limitations for "[a]ll claims for medical benefits." Further, the second sentence of each paragraph begins, "[w]here such payments have been made in any case." These introductory phrases can only refer to and describe the claims provided for in the preceding sentence of each paragraph. Any other interpretation would not be logical considering the structure of the paragraphs. Therefore, the time limitation provided in the second sentence of paragraph A is a time limitation for claims due to personal injury, or indemnity benefits, and the time limitation in paragraph C is a time limitation for claims for medical benefits.
The second sentence of paragraph C is the answer to the issue presented herein. It provides, "[w]here such payments have been made" the time limitation is not effective for three years from the time of making of the "last payment of medical benefits." When read in conjunction with the first sentence of that paragraph, it is clear that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. As the statute is written, nothing other than payments of medical benefits interrupts the three year prescription provided in the second sentence of paragraph C.
The court in Levatino pointed to public policy in support of its decision. In our opinion, the structure and wording of paragraph C leaves no room for public policy considerations. It is specific as to what is sufficient to interrupt prescription of claims for medical benefits: payment of medical benefits within three years. It is not our province to second guess the legislature; we must interpret the law as written. Accordingly, we reverse the judgment of the Office of Workers' Compensation and hold that the payment of SEB does not interrupt prescription on a claim for medical benefits.
Alternatively, Mr. Bellard argues the defendants should be estopped from denying the payment of his medical expenses. He and his wife testified that Jeff Daigle, the adjuster who has handled Mr. Bellard's claim from its inception, assured them any medical expenses that he incurred as a result of his work-related injury would be paid by the defendants, as long as he was receiving SEB. This is denied by Mr. Daigle. The workers' compensation judge did not rule on this claim, presumably because of her ruling in favor of Mr. Bellard on the issue of prescription.
The jurisprudence has recognized that misleading statements or actions by the employer or the insurer that lull the claimant into a "false sense of security" can interrupt prescription on a claim that would otherwise be prescribed. Desselle v. Dresser Indus. Valve, 96-374 (La.App. 3 Cir. 2/5/97), 689 So.2d 549; writ denied, 97-0618 (La.4/25/97), 692 So.2d 1086.
As noted, the record reveals a substantial conflict in the testimony of the parties on this issue and presents a serious question of credibility. We are convinced the interests of justice will best be served by remanding this matter to the workers' compensation judge for a decision as to whether or not the actions of the adjustor were sufficient to lull Mr. Bellard into a "false sense of security." Accordingly, this matter is remanded to the Office of Workers' Compensation for the workers' compensation judge to determine whether a new hearing is necessary, or whether there was sufficient evidence on this *1174 issue at the first hearing, to allow her to make a decision on this issue.
REVERSED AND REMANDED WITH INSTRUCTIONS.
COOKS, J., dissents.