| THIBODEAUX, Judge.
Robert Martin, an injured offshore rig worker, appeals the judgment of a state workers’ compensation court granting an exception of lack of subject matter jurisdiction filed by his employer, Combine Quality Oilfield Services, Inc., and nullifying the court’s previously issued default judgment. We find that the injured worker is precluded by La.R.S. 23:1035.2 from bringing a claim for medical or indemnity benefits under the state workers’ compensation scheme due to the | ^applicability of the Federal Longshore and Harbor Workers’ Compensation Act at 33 U.S.C. § 901 et seq. Accordingly, the Louisiana workers’ compensation court does not have jurisdiction to hear the offshore worker’s claims. We affirm the granting of the defendant’s exception of lack of subject matter jurisdiction, and we affirm the nullification of the default judgment against the defendant.
I.

ISSUE

Whether medical benefits constitute “compensation” under La.R.S. 23:1035.2 is *686 the issue we must decide. If medical benefits are “compensation,” then a claim may not be brought under Louisiana’s workers’ compensation laws; if they are not “compensation,” an injured offshore worker is not precluded from • pursuing a cause of action for medical benefits under Louisiana law.
II.

FACTS

Robert Martin, a painter’s helper, sustained a hernia injury on August 4, 1997, while in the course and scope of his employment with Combine Quality Oilfield Services, Inc. (hereinafter “Combine”), a company that provides sandblasting and painting services for offshore oil rigs. The injury occurred on Platform 155, which is located in the Gulf of Mexico, South of Marsh Island, beyond the territorial limits of the State of Louisiana. It is not disputed that Mr. Martin was a longshoreman or that the Longshore and Harbor Workers’ Compensation Act (“LHWCA” or “Long-shore Act”), which covers those workers employed upon navigable waters of the United States, is applicable to Martin’s claims of injury.
| aMartin filed a claim for wage and medical benefits with the Louisiana Office of Workers’ Compensation and subsequently obtained a default judgment, attorney fees and penalties against Combine for Combine’s failure to respond. Based upon the applicability of the Federal Longshore Act to the claims of Martin, Combine invoked La.R.S. 23:1035.2, which precludes recovery under the state Workers’ Compensation Act where the injured worker is covered by the Federal Long-shore and Harbor Workers’ Compensation Act at 33 U.S.C. § 901 et seq. Combine sought and was granted an exception of lack of subject matter jurisdiction by the state Office of Workers’ Compensation, and the workers’ compensation judge nullified her previously issued default judgment, fees and penalties.
Martin eventually received wage benefits from Combine but argues on appeal that unpaid medical expenses are not precluded by § 1035.2 but are recoverable from the state scheme, and that the medical-expense portion of the award should not be nullified. We disagree. For the following reasons, we affirm the exception of lack of subject matter jurisdiction in favor of Combine, and we affirm the nullification of the default judgment, fees and penalties previously adjudicated against Combine.
III.

LAW AND DISCUSSION

Robert Martin contends that the workers’ compensation court committed an error of law in granting the defendant’s exception of lack of subject matter jurisdiction because the judge failed to distinguish between the payment of medical benefits and the payment of compensation under the Workers’ Compensation Act. We disagree.
|Jt is not disputed that Robert Martin was a longshoreman, and that he sustained a work-related injury while working offshore on August 4, 1997. At the time of his injury, the Louisiana Workers’ Compensation Act at La.R.S. 23:1035.2 provided that:
No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.
Section 1035.2 became effective on January 1,1990. It divested the state courts of concurrent jurisdiction to decide cases under the Louisiana Workers’ Compensation Act if the injured employee was covered by certain federal acts, including the Long-shore Act/LHWCA. The effect of § 1035.2 was to remove the choice of law forum previously enjoyed by the injured worker. Smith v. Gretna Mach, and Iron *687 Works, 94-369 (La.App. 5 Cir. 11/16/94); 646 So.2d 1096.
Mr. Martin has asserted that he received indemnity benefits but has not received medical benefits for a hernia surgery recommended by his physicians. He is seeking those medical benefits under the Louisiana Workers’ Compensation Act rather than under the Longshore Act and attempts to circumvent § 1035.2 by stating that medical benefits are not a form of “compensation” prohibited by § 1035.2. Mr. Martin contends that § 1035.2 is inapplicable because the medical benefits he seeks are separate and distinct from weekly indemnity benefits, and that the workers’ compensation judge therefore has jurisdiction to decide his case and render a judgment on his claims. For this proposition,- Mr. Martin cites Levatino v. Domengeaux & Wright, P.L.C., 593 So.2d 721 (LaApp. 1 Cir.1991), writ denied, 596 So.2d 196 (La.1992), and several Third Circuit cases including Young v. Hercules, Inc., 451 So.2d 109 (La.App. 3 Cir.1984). However, those cases do not support his contention.
Levatino involved prescription issues under the state Workers’ Compensation Act and discussed the types of benefit payments which would interrupt prescription. However, the different treatment given to medical and wage benefits did not suggest that medical benefits are not a form of compensation recoverable and covered throughout the Louisiana Workers’ Compensation Act. More specifically, and contrary to Mr. Martin’s assertions, Leva-tino did not involve the interruption of prescription on a claim for wage benefits via payments of medical expenses. It involved the interruption of prescription on a claim for medical benefits via payments of wage benefits.[1]
In Levatino, the defendants argued that only a medical payment could interrupt prescription on a claim for medical payments. However, the employee’s receipt of wage benefits (or wages) was found to have interrupted prescription on her claim for medical benefits. The court did articulate that the converse is not true; that is, the payment of medical benefits will not interrupt prescription as to the payment of weekly wage benefits, because the policy considerations are different. However, the focus in Levatino was not upon the distinctions but rather upon the same treatment accorded to payments of weekly wage benefits and payments of medical benefits. That is, either kind of compensation payment, whether a medical payment or a weekly wage benefit payment, will interrupt prescription on a claim for medical benefits. In fact, the Levatino court introduced its analysis of the prescription issues by stating that:
RLa.R.S. 23:1209 sets forth the prescriptive periods for all claims for worker’s compensation. Part C of that section specifically applies to claims for medical expenses.
Levatino, 593 So.2d at 723 (emphasis added).
In finding that the amendment to La. R.S. 23:1209, setting forth a three-year prescriptive period for medical payments, did “not contemplate the separate treatment of weekly benefits and medical benefits for purposes of interruption of prescription,” the Levatino court stated specifically:
Contrary to Aetna’s argument, the statute is silent as to what type of payments interrupt a claim for medical expenses in a worker’s compensation action and does not mandate separate treatment of these claims for purposes of interruption of prescription. It simply provides that agreement as to “payments to be made under this Chapter” or the filing of a claim interrupts prescription. Payments under this Chapter could include weekly benefits since medical payments *688 and weekly benefits are both provided for in the same Chapter.
Id. at 724.
Throughout the Levatino case the court refers to the employee’s claim for medical benefits as her claim for “compensation” benefits, and the court awarded statutory penalties and attorney fees for the arbitrary and capricious handling of those compensation benefits. Hence, it is clear that “compensation” under the Workers’ Compensation Act refers to the payment of weekly benefits and to the payment of medical benefits. Likewise, any distinction made between medical and weekly benefits does not take medical payments out of the realm of “compensation benefits.” Just as lost wages and medical expenses are both separate elements of damages in a tort suit, wage benefits and medical benefits are both separate elements of compensation in a workers’ compensation claim.
Specifically, in furtherance of his argument that medical expenses are separate and distinct from “compensation,” Mr. Martin cites Young v. Hercules, Inc., 451 So.2d 109, where we determined that an employee could recover medical expenses even though there was no recovery for “compensation.” However, our use, and other courts’ usages of the word “compensation,” as well as society’s use of “worker’s comp.” to refer to weekly benefits, is nothing more than a popular and much used abbreviation. However, the popular and interchangeable use of “compensation” and “weekly compensation benefits,” when referring to weekly wage benefits, does not negate the legislature’s intent or the statute’s technical meaning of “compensation” to include both medical benefits and wage benefits. As stated, both benefits are elements of “compensation” under the Workers’ Compensation Act, including the Act’s amendment under La.R.S. 23:1035.2.
In Young, the injured worker was paid full wages after an injury to his finger. He was released by his physician to full duty. Later, while employed elsewhere, he sustained another injury, and while receiving benefits for the new injury, the worker also sought weekly benefits from the first employer for the finger injury. We found that the worker was entitled to medical and related travel expenses for the injured finger, but as he was not disabled, we found that he was not entitled to weekly wage benefits from the first employer. This scenario which separates out the two elements of compensation is not tantamount to a finding that medical benefits are not an element of the “compensation” referred to in § 1035.2.
While medical benefits and weekly wage benefits are definitely two separate and distinct elements of compensation, with different prescription periods, and different criteria for eligibility, both are composite parts of workers’ compensation benefits. The intent of the legislature in enacting § 1035.2 was that an injured worker entitled to compensation in the form of medical and/or wage benefits | sunder the Federal Longshore Act would be prohibited from claiming either or both of those benefits under the Louisiana Workers’ Compensation Act.
The most dispositive case is Smith v. Gretna Mach, and Iron Works, 646 So.2d 1096. There, the injured worker was a sandblaster for thirteen years. He contracted silicosis and filed a disputed workers’ compensation claim against his employer and its insurer. The defendants filed an exception of lack of subject matter jurisdiction, asserting that under La.R.S. 23:1035.2, the worker’s sole remedy was the Longshore and Harbor Workers’ Compensation Act at 33 U.S.C. § 901 et seq. The Fifth Circuit found that prior to the enactment of § 1035.2, the injured worker, who was a sandblaster/painter of vessels, fell into the “twilight zone” of concurrent jurisdiction of federal and state courts. However, in finding that the worker became disabled by the disease after the enactment of § 1035.2, the court articulated that the statute “now divests the state *689 of concurrent jurisdiction in LHWCA situations.” Smith, 646 So.2d at 1097.
Similarly, in the present case involving a painter/sandblaster employed by a sandblasting company which worked on offshore rigs upon navigable waters, Martin’s 1997 accident is clearly governed by § 1035.2 which became effective on January 1,1990, and which provides Mr. Martin a sole remedy under the Longshore Act.
In Jackson v. American Mutual Liability Insurance Co., 584 So.2d 348 (La.App. 3 Cir.), unit denied, 589 So.2d 1075 (La.1991), we decided a similar case in favor of concurrent jurisdiction where the injury occurred in 1979. In that case, applying the law of 1979, we found no authority that would have precluded successive recoveries under state law after an award under the Longshore Act, as long as there was no double recovery. We also pointed out that, subsequently, in 1983, the 1 legislature affirmatively provided for successive remedies in its enactment of La. R.S. 23:1225(D), which provided in pertinent part:
D. The filing of a claim or suit or the receipt or acceptance of compensation or medical benefits by an employee ... pursuant to benefits provided under any federally enacted worker’s compensation law shall not preclude such employee’s ... entitlement to any benefit under this Chapter for the same injury or occupational disease.
Id. at 352.
Then in footnote eight, we stated:
La.R.S. 23:1225(D) was repealed effective January 1, 1990. We note that under La.R.S. 23:1035.2, effective January 1, 1990, there would be no issue as to whether a plaintiff could proceed under state compensation law when covered by the LHWCA.
Id. (emphasis added). We then quoted § 1035.2 mandating that no compensation shall be payable under the state Act to an employee who is covered under the Federal Longshore Act, which covers employees who work upon navigable waters of the United States. Accordingly, Martin can no longer choose his remedy of weekly wage benefits and/or medical benefits under state or federal workers’ compensation since the enactment of § 1035.2, well before his accident on Platform 155 in August of 1997. He is limited to the Federal Longshore Act.
The plaintiffs attempts to analogize Torch Operating Co. v. Bartell, 865 S.W.2d 552 (Tex.App. 13 Dist.1993), as persuasive support for his contentions are unavailing. That case is neither authoritative nor persuasive, as it does not discuss medical versus wage benefits or the meaning of “compensation” under § 1035.2. Instead, Torch addressed the applicability of the immunity provisions of the Louisiana Workers’ Compensation Act and the Long-shore Act’s denial of immunity as they relate to contractors. In addressing the immunity issue and changes in Louisiana law, the court articulated:
|inWe continue our analysis because § 23:1035.2 only excludes the payment of compensation; it does not explicitly exclude application of other provisions of the state act.
Id. at 556. It is clear in examining the contextual background in Torch that the “other provisions” referenced in the above quote are the immunity provisions of the Louisiana Act.
Pursuant to her authority, and under Woodson Construction Co., Inc. v. R.L. Abshire Construction Co., Inc., 459 So.2d 566 (La.App. 3 Cir.1984) (where the court nullified its previously issued default judgment based on a lack of subject matter jurisdiction to hear a claim already decided by contractual arbitration), the state workers’ compensation judge has not committed error. She was eminently correct in her interpretation of the law.
IV.

CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the Office of Work *690 ers’ Compensation in granting the exception of subject matter jurisdiction and the motion for nullity filed by Combine Quality Oñfield Services, Inc. All costs of this ap■peal are assessed against Robert Martin.
AFFIRMED.

. The Levatino court apparently allowed the continued payment of regular wages after injury to substitute for the payment of wage benefits.