LFOGG, J.
In this worker’s compensation case, the issue raised on appeal is whether or not the payment of supplemental earning benefits operates to interrupt prescription for a claim for medical expenses. Finding that it does, we reverse the judgment of the workers’ compensation judge.
On April 2, 1990, Ronald Boquet was injured while working for Tetra Technologies, ' Inc. After receiving 520 weeks of supplemental earnings benefits, Boquet’s benefits were terminated. The last medical expense payment made by the employ *942 er’s insurer, Travelers Property and Casualty Corporation, was made on February 18,1994.
In May of 2000, Boquet filed this disputed claim for compensation, requesting reimbursement for medical expenses. Tetra and Travelers responded by filing an exception of prescription. After hearing the matter, the workers’ compensation judge sustained the exception and dismissed the claimant’s action. The claimant appeals.
Louisiana Revised Statute 23:1209(C) provides for the prescriptive period for claims for medical benefits as follows:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
It is undisputed that the last payment of medical benefits was made to Boquet in 1994. On its face, Boquet’s claim for medical expenses has prescribed. Thus, he has the burden of showing that there has been a suspension or interruption of the prescriptive period. See Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993). Boquet asserts that prescription for the claim of medical expenses was interrupted by the payment of supplemental earnings benefits, citing Levatino v. Domengeaux and Wright, P.L.C., 593 So.2d 721 (La.App. 1 Cir.1991), writ denied, 596 So.2d 196 (La.1992). We agree.
The Levatino case involved a claim for compensation benefits brought by a legal secretary against her employer. Ms. Le-vatino suffered a back injury at work in 1987, immediately reported the claim, and sought medical treatment. Even though she was unable to work due to her injury, her employer kept her on the payroll for one and one-half years. During that time, her medical expenses were paid through the hospitalization carrier provided by her employer. Once it became apparent that Ms. Levatino would not be able to return to work at all, the law firm terminated her employment in October of 1988. Ms. Le-vatino then filed a claim for indemnity and medical expenses. The workers’ compensation carrier paid indemnity benefits, but denied the claim for medical expenses, urging the claim had prescribed. In considering this issue, we stated:
It is clear that medical payments do not interrupt prescription on a claim for weekly benefits. However, the converse is not true. In Ancelet v. Moreno’s Air Conditioning, Inc., 331 So.2d 127 (La.App. 3rd Cir.1976) the Court held that weekly benefits do interrupt prescription on a claim for medical benefits incurred as the result of a job-related injury. The court pointed out that the policy of encouraging needed medical payments by the employer without extending exposure for weekly benefits is not present in considering whether payment of weekly benefits interrupts the prescription of medical benefits. Consequently, there is no policy reason for disallowing the interruption.
There are sound reasons to allow weekly benefits to interrupt a claim for medical expenses. It is grossly unfair for a claimant, such as the one in this case, to be disabled from a job-related injury and drawing weekly benefits for that disability, and yet be denied medical benefits for the disabling injury. Further, a disabled employee drawing weekly benefits would be encouraged to *943 incur unnecessary medical expense for the sole purpose of keeping the claim viable.
Levatino, 593 So.2d at 724. Hence, we held that the payment of weekly benefits for a disabling injury interrupts a claim for medical expenses incurred in connection with that injury.
Following the law set forth in the Leva-tino case, we find that Boquet’s claim |4for medical expenses has not prescribed. Therefore, the workers’ compensation judge erred in sustaining the exception of prescription. See also Manuel v. River Parish Disposal, Inc., 96-302 (La.App. 5 Cir. 10/1/96), 683 So.2d 791; but see Bellard v. Grey Wolf Drilling, 98-651 (La.App. 3 Cir. 12/9/98), 722 So.2d 1171, writ denied, 99-0059 (La.3/12/99), 739 So.2d 202; Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868.
Accordingly, the judgment of the workers’ compensation judge is reversed. Costs are assessed against Tetra Technologies, Inc. and Travelers Property and Casualty Corporation.
REVERSED.