520 So.2d 1320 (1988)
Kathleen EBBS
v.
KELLY SERVICES, A/K/A Dela Co., and CNA Insurance Company.
No. CA-8390.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Rehearing Denied March 16, 1988.
*1321 L. Kevin Coleman, Trapolin & Coleman, Linda A. Liljedahl, New Orleans, for plaintiff.
James F. Ryan, Kenneth C. Hughes, New Orleans, for defendants.
Before GULOTTA, C.J., and KLEES and LOBRANO, JJ.
GULOTTA, Chief Judge.
In this worker's compensation suit, plaintiff appeals from a judgment dismissing her claim based on findings that she failed to establish the date of the injury and failed to prove causation between a work related accident and her medical problems. Because we conclude that plaintiff carried her burden on both issues, we reverse the judgment and render an award for stipulated medical expenses.
Plaintiff allegedly struck her lower back in a fall from a ladder while filing invoices at Exxon Corporation in New Orleans, where she was working as a temporary employee for Kelly Services. Later the same afternoon, on July 8, 1981, she sought emergency treatment at St. Claude General Hospital, where her condition was diagnoised as "multiple contusions" revealed by a "5 x 10 in. ecchymotic [bruised] area" on her buttocks. Although a urinalysis on that date was negative, blood was revealed in a later urinalysis on July 31, 1981. This condition, known as hematuria, worsened thereafter and has become chronic.
On June 11, 1985, plaintiff filed a petition for worker's compensation benefits and medical expenses. On June 19, 1986, the trial judge dismissed the suit as prescribed, but later granted a motion for new trial and overruled the exception of prescription. Plaintiff then filed a supplemental and amending petition alleging that she had received wages in lieu of compensation since she had worked in pain since the accident.
The matter was thereafter tried before a commissioner on a stipulation of past medical expenses in the amount of $14,633.77 which had been incurred from 1981 to 1986. The commissioner heard the testimony of plaintiff and her two treating physicians, and the deposition of a co-worker was introduced. Judgment was then rendered dismissing plaintiff's suit. The Commissioner's written reasons, which were adopted by the trial court, stated:
"On the showing made the plaintiff was unable to establish a date that she was hurt nor was she able to establish any medical causality between any conditions with which she suffers and any accident."
Appealing, plaintiff contends that the trial court erred in denying her claim. She argues: 1) that she established the date of the accident and is entitled to recover compensation as well as medical benefits from Kelly Services since she has worked in pain since the accident and has received wages in lieu of compensation; 2) that she proved legal causation between her fall at work and her chronic hematuria; and 3) that she is entitled to recover penalties and attorney's fees because of the defendant insurer's arbitrary and capricious denial of her claim.

DATE OF ACCIDENT
We find merit to plaintiff's contention that she sufficiently proved the date of a work-related accident during her employment with Kelly Services.
*1322 Although plaintiff was not certain of the exact date of her fall, she testified that it happened in the "summer time" and that she had gone to the emergency room of St. Claude General Hospital after 4 p.m. on the day of the accident. The hospital record was stipulated into evidence. It is dated July 8, 1981, and indicates that plaintiff was bruised.
Consistent with this evidence, plaintiff's co-worker, Fran Compass, testified in deposition that Ebbs's accident occurred sometime after July 4, 1981 at Exxon's office. Although Compass did not see plaintiff's fall from the ladder, she heard the sound of the crash and assisted Ebbs from the floor. Compass testified that Ebbs complained of pain in her backside, and she saw the bruise on Ebbs's lower back the day after she had gone to the doctor.
Although in her pre-trial deposition plaintiff stated that the accident had occurred in March or April, 1981, the emergency room record, taken together with the later testimony of plaintiff and her co-worker, sufficiently establishes the date of the accident to have been July 8, 1981, at a time when plaintiff was working for Kelly Services as a temporary employee on assignment at Exxon's office. Despite the lack of agreement between the parties, and some confusion about the exact date, we conclude that plaintiff carried her burden of proving an accident arising out of and in the course of her employment on July 8. See LSA-R.S. 23:1021(1); LSA-R.S. 23:1031; Henderson v. Core Construction Co., 295 So.2d 874 (La.App. 1st Cir.1974), application denied 299 So.2d 792 (La.1974).
Because plaintiff filed her petition on June 11, 1985, over four years after the accident, her claim for compensation payments has prescribed since the suit was not filed within one year from the date of the accident as required as LSA-R.S. 23:1209. In so holding, we reject plaintiff's argument that she has worked in pain since the accident and has received wages in lieu of compensation such that her claim for compensation benefits has not prescribed. If an injured employee actually earns wages following the accident they are not considered as wages in lieu of compensation and do not interrupt the prescriptive period even if the employee works in pain. Carter v. Belle Chasse State School, 451 So.2d 63 (La.App. 4th Cir.1984), writ denied 458 So.2d 120 (La.1984). In the instant case, plaintiff continued working post-accident and did her best to perform filing duties, though she briefly testified that she could not climb ladders and that other workers filed for her at upper levels. She has become a fulltime employee of Exxon Corporation and has worked with invoices and in the payroll department. Because she received wages for work performed in the same or a substantially similiar position after the accident, she has received no wages in lieu compensation and her claim for compensation benefits has prescribed.
Plaintiff's claims for medical benefits, however, are subject to a ten year prescriptive period. In Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La. 1985), the Louisiana Supreme Court concluded that LSA-R.S. 23:1209 did not apply to claims for medical expenses, and that the ten year prescriptive period of LSA-C.C. Art. 3544 was controlling. Although LSA-R.S. 23:1209 has since been amended in 1985 and 1986 to legislatively overrule the Lester decision, the later statutory amendments do not apply to plaintiff's action filed in 1984. Accordingly, the ten year prescriptive period applies, and plaintiff's claim for medical payments is still viable.

CAUSATION
We further hold that the trial court erred in concluding that plaintiff had failed to prove causation between her accident at work and her chronic condition of hematuria. On this issue, the trial court had the benefit of plaintiff's own testimony, in addition to that of her two treating physicians.
Dr. Guy T. Williams, an internist with a sub-specialty in nephrology, testified that Ebbs had been his patient since 1977. He stated that even though plaintiff had a prior history of complaints of frequent urination, it was not until July 31, 1981 that *1323 he first found blood in her urine. Although infection frequently causes this condition in young women, Dr. Williams had no positive cultures to show causation by infection in plaintiff's case. This physician also stated that hematuria can be caused by tumors or sickle cell anemia, but that plaintiff did not have these findings. Significantly, however, Dr. Williams stated that hematuria can also be caused by trauma, and commonly occurs in an auto accidents where there is a blunt trauma to the lower back or flank. He acknowledged that a severe blow to the back or a fall can cause blood in the urine. Although Dr. Williams could not say one way or the other whether trauma caused plaintiff's condition, he could not rule it out as a cause of the blood in her urine.
Dr. Francisco Jaramillo, a urologist, first saw plaintiff on December 12, 1983, on complaints of hematuria. Urine cultures performed on plaintiff were all negative, ruling out infection as the cause of the bleeding. Plaintiff was hospitalized in 1983 and again in 1984 for diagnostic studies, which again eliminated infectious disease as the cause of her problem. Although Dr. Jaramillo could not state why plaintiff is bleeding, he testified that trauma is a possible cause. According to this physician, though blood usually appears in the urine immediately where trauma causes hematuria, he stated that the blood can be "intermittent", i.e., appearing and disappearing. He stated that it could be possible that a urinalysis done a few hours after a trauma might not show anything, but that blood could appear two or three days later. Dr. Jaramillo further testified that hematuria due to trauma has a tendency to be persistent in the first three or four months.
A worker's compensation claimant has the burden of proving by a proponderence of the evidence that his or her work related accident has a causal connection to the disability. Bistes v. Asplundh Tree Expert Co., 499 So.2d 402 (La.App. 4th Cir.1986). Significantly, however, causation "... is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the court, based on all the credible evidence." Haughton v. Fireman's Fund American Insurance Companies, 355 So.2d 927 (La. 1978). Where there is proof of an accident and a following disability without any intervening cause, a presumption arises that the accident caused the disability, and it is not necessary to determine the exact cause. Bridges v. Hood Motor Co., Inc., 477 So.2d 1261 (La.App. 4th Cir.1985), writ denied 481 So.2d 1335 (La.1986). Thus, a presumption of causation results where an employee was in good health before the accident but thereafter manifests continuous symptoms of a disabling condition. Shatoska v. International Grain Transfer, Inc., 430 So. 2d 1255 (La.App. 1st Cir.1983). In deciding if the work related accident caused the claimant's medical problems, the trial court must weigh the evidence and evaluate the credibility of the witnesses. Miles v. Dolese Concrete Company, 518 So.2d 999 (La.1988).
Applying these principles to the facts of the instant case, we conclude that plaintiff carried her burden of proving that her work-related accident caused her chronic hematuria. The testifying physicians ruled out other causes such as infection, sickle cell anemia, and a tumor, but could not eliminate trauma. Indeed, Dr. Williams testified that a blunt blow to the lower back is a common cause of hematuria. Plaintiff suffered such a blunt blow in the instant case. Furthermore, though it is true that a urinalysis performed on the date of the accident was negative, Dr. Jaramillo testified that it was possible for blood to appear at a later time and that hematuria can be "intermittent". Significantly, Dr. Williams testified although Ebbs had been his patient since 1977, he did not find blood in her urine until July 31, 1981, approximately three weeks after the accident. Since that time her condition has worsened and is now chronic.
Considering this evidence, we hold that the legal presumption of causation applies in the instant case. We conclude, therefore, that the trial judge was manifestly in error when he found that plaintiff had *1324 failed "to establish any medical causality" between the injury and the hematuria.

PENALTIES AND ATTORNEY'S FEES
We reject, however, plaintiff's argument that she is entitled to penalties and attorney's fees for the defendant insurer's allegedly arbitrary and capricious denial of her claim.
Although plaintiff testified that an employee of Kelly Services informed her on the date of the accident that Kelly did not have insurance and that plaintiff would not be paid for any time she missed, this testimony was uncorroborated, and plaintiff did not submit medical bills to Kelly until a year before filing suit in June, 1985, nearly four years after the accident. Plaintiff's recollection of the date of the accident was confused. Moreover, the emergency room report incorrectly indicated an accident occurring at home rather than at work, and plaintiff continued to work without interruption after the accident, later becoming a full time employee of Exxon Corporation. Furthermore, the question of causation was a close one. Significantly, the trial judge resolved the causation issue in favor of defendants.
Considering the circumstances of the accident and the procedural history of the case, we cannot say the defendant insurer was arbitrary and capricious in refusing to pay plaintiff compensation and medical benefits following her demand. The insurer was entitled to litigate the matter and require plaintiff to prove her case in court, especially in light of the delays and confusion surrounding plaintiff's claim.
Accordingly, the judgment dismissing plaintiff's petition at plaintiff's cost is reversed and set aside. Judgment is now rendered in favor of plaintiff, Kathleen Ebbs, and against defendant, Kelly Services, a/k/a Dela Co., and the CNA Insurance Company, in solido, in the full sum of $14,633.77 with legal interest from date of demand until paid. Defendants are further ordered to pay any and all medical expenses from date of trial and in the future, if and when they are incurred, for treatment of plaintiff's hematuria. All costs, including the costs of this appeal, are to be paid by defendants.
REVERSED AND RENDERED.

ON APPLICATION FOR REHEARING
PER CURIAM.
In an application for rehearing, plaintiff asks that our judgment be amended to assess the costs of the two medical experts who testified at trial.
Because these fees can be set in the trial court's discretion on a rule filed after our judgment becomes final, we deny the application for rehearing.