689 So.2d 549 (1997)
Samuel DESSELLE, Plaintiff-Appellant,
v.
DRESSER INDUSTRIAL VALVE, Defendant-Appellee.
No. 96-374.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
Writ Denied April 25, 1997.
*550 Daniel Elmo Broussard, Jr., Alexandria, for Samuel Desselle.
Lilynn Annette Cutrer, Lake Charles, for Dresser Industrial Valve.
Before DOUCET C.J., and SAUNDERS and AMY, JJ.
SAUNDERS, Judge.
Claimant, Samuel Desselle, filed this workers' compensation claim seeking a declaratory judgment regarding his entitlement to future supplemental earnings benefits (SEB). The defendant, Dresser Industrial Valve, is his employer. The hearing officer concluded that plaintiff's claim was premature and declined to grant the declaratory judgment, prompting the instant appeal. We affirm.

FACTS
Claimant, Samuel Desselle, was injured on August 29, 1989, while employed as a machine operator at Dresser Industries in Pineville, Louisiana. The injury was sustained while Mr. Desselle was working on a turn lathe when he pulled on a chunk wrench and felt pain in his right shoulder and the right side of his neck.
*551 Mr. Desselle was initially treated by Dr. Lazaro. After performing a post-arthrogram CT scan, Dr. Lazaro diagnosed a torn rotator cuff in claimant's right shoulder and performed surgery to repair the injury on November 14, 1989. Following surgery, Dr. Lazaro assigned claimant a 30-35% impairment to his shoulder and he was restricted from doing any prolonged repetitive overhead work.
On August 30, 1990, at the request of defendants, Mr. Desselle saw Dr. Robert Morrow, who confirmed Dr. Lazaro's assessment. Additionally, Dr. Lazaro opined that as a result of the injury, plaintiff could not return to the duties required by his former employer, but could return to a modified job position.[1]
According to the record, Mr. Desselle was paid workers' compensation benefits from November 10, 1989 to November 21, 1993, on the basis of his pre-accident wages of $11.24 per hour. After rehabilitation and efforts to locate employment for plaintiff proved unsuccessful, plaintiff was offered a modified job position with his former employer on November 21, 1993.
Claimant returned to work at the modified job position on November 21, 1993, and there earned greater wages than he had before his injury. After Mr. Desselle's neck and shoulder again began to hurt him on January 20, 1994, he was once again required to miss work for a period during which he was paid additional compensation until August 28, 1994,[2] when he returned to his modified position at still higher wages.
Mr. Desselle apparently concedes that he is not now entitled to workers' compensation benefits, including SEB, since his modified position pays more than 90% of the wages he was earning at the time of his accident in August 1989. Nonetheless, he seeks a declaratory judgment declaring his entitlement to future SEB benefits should he eventually become unable to work due to his job injury. Mr. Desselle is primarily concerned with the prospect of his becoming disabled or laid off beyond the two year prophylactic prescriptive period applicable to claims for workers' compensation as set forth in La.R.S. 23:1209(A).
Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have begun within two years from the date of the accident.

(Emphasis added).
Defendant maintains that plaintiff is not entitled to judgment awarding benefits on the basis of the mere possibility that his physical condition might deteriorate at some uncertain future time, and observes that nowhere does this state's workers' compensation act provide for declaratory judgments to cover such a contingency. Finally, the employer maintains that the prescriptive period set forth in the last sentence of La.R.S. 23:1209(A), which it purports to read as to permit claimant to file suit within one year of his disability's manifestation, adequately addresses claimant's concerns.
In the final analysis, we are convinced that the hearing officer properly declined to render a declaratory judgment in this case.
The codal articles authorizing declaratory judgment are declared remedial and should be liberally construed and administered. La.C.C.P. Art. 1881; Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964). Nevertheless, there is no right or cause of action when there is no *552 justiciable controversy. Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971). Additionally, the Trial Court is given discretion to refuse to render a declaratory judgment, and appellate courts should not reverse unless there is an abuse of discretion. Associated Indemnity Corp. v. Louisiana Industries Prestressed Corp., 259 So.2d 89 (La.App.1972).
In Abbott, 249 So.2d 908 at 918 the Supreme Court defined "justiciable controversy":
A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relation of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
Ricard v. State, 544 So.2d 1310, 1312 (La. App. 4 Cir.1989).
In this case, there is no existing actual and substantial dispute for claimant is presently employed and is not entitled to SEB benefits. Instead, claimant's position that he may be entitled to SEB in the future if he should become disabled and unable to earn 90% of his earnings is, in fact, hypothetical and abstract, suggesting that at the present time the parties have no real adverse interest. Because claimant does not suggest that he is presently entitled to workers' compensation benefits, we are compelled to affirm the judgment of the hearing officer.
In so holding, we hasten to point out, however, that this ruling should in no way suggest that this court would countenance the putative employment of injured workers merely as a means to stiff-arm them into waiting beyond the two year prescriptive deadline before filing suit, for in such cases, the laws of this state protect such workers even where they fail to file a petition more than two years after the workplace accident.
A claimant may prove interruption by acknowledgment by showing his employer lulled him into a false sense of security and thereby induced him to withhold filing a suit. Holmes v. Baton Rouge Water Works Co., 558 So.2d 629 (La.App. 1st Cir.1990); Latino [v. Binswanger Glass Co.], supra, [532 So.2d 960] at 962 [(La. App. 5th Cir.1988)], citing Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972). To prove he was lulled into a false sense of security, a claimant must show that words, actions or inactions on the part of the employer or insurer induced him to withhold suit until his claim prescribed. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991).
If an injured employee actually earns wages after the accident, they are not considered wages in lieu of compensation and do not interrupt the prescriptive period even if the employee works in pain. Ebbs v. Kelly Services, 520 So.2d 1320 (La.App. 4th Cir.1988). Conversely, the payment of wages in lieu of compensation will interrupt prescription just as compensation payments would. Lester [v. Rebel Crane and Service Co.], supra, [393 So.2d 674] at 676 [(La.1981)].
Davis v. United General Ins. Co., 93-738 (La.App. 3 Cir. 2/2/94); 631 So.2d 572, 577.
Prescription may also be suspended when an injured worker's disability does not manifest itself until some time after his workplace injuries are sustained.
[A]n employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disabling injury, rather than from the first appearance of symptoms or from the first date of treatment. Swearingen v. Air Prod. & Chem., Inc., 481 So.2d 122, 124 (La.1986); Bolden v. Georgia Casualty & Sur. Co., 363 So.2d 419, 422 (La.1978); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, 526 (1956); Johnson v. Cabot Carbon Co., 227 La. 941, 81 So.2d 2, 5 (1955); Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, 219 *553 (1952). The "time the injury develops," as interpreted to mean the date the disability develops, is usually determined as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. Swearingen v. Air Prod. & Chem., Inc., 481 So.2d at 124; Wallace v. Remington Rand, Inc., 86 So.2d at 525. Thus, the "developing injury" rule has been applied not only when the injury does not manifest itself immediately, but also when the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so.
The underlying rationale for this interpretation is that an injured employee who continues to work, despite a work-related medical condition which is painful but not then disabling, should not be penalized for attempting to remain in the work force in order to support his or her family or in the hope that the condition will improve. Wex A. Malone & H. Alston Johnson III, 14 Louisiana Civil Law Treatise-Workers' Compensation § 384 (3d ed. 1994). Requiring any injured employee, who is not yet disabled, to assert his or her claim within one year of the accident (or one year of the last payment of benefits) in order to preserve the cause of action would encourage needless litigation.
Sevin v. Schwegmann Giant Supermarkets, 94-1859, p. 4-5 (La.4/10/95); 652 So.2d 1323, 1326.
However, unlike the interruption of prescription brought about by the former exception which transcends application of the two year rule, justified in part on grounds that it is the employer's actions that impede injured workers from filing claims timely, it would seem that the two year prophylactic cap remains applicable to disability claims falling under the "developing injury" rule; at least this would seem to be the conclusion to be drawn from Sevin.[3]

DECREE
In light of the foregoing, the judgment of the hearing officer is affirmed, at claimant's expense.
AFFIRMED.
DOUCET, C.J., concurs and assigns written reasons.
AMY, J., concurs in result.
DOUCET, Judge, concurring.
I agree with the decision to affirm the judgment of the hearing officer in this case finding that the claim is premature because the claimant is working and not entitled to SEB. However, I do not agree with the inclusion of a discussion of the circumstances under which the two year prescriptive period set out in La.R.S. 23:1209(A) might be suspended. Although, the claimant is concerned that his condition might worsen after the prescriptive period has passed, this issue is not before the court at this time. The claimant is able to work. The two year prescriptive period has not passed. This court does not have the ability to predict the claimant's future condition, or the authority to act on matters not before it. The discussion of prescription is not necessary to the decision of the matter before this court. Any conclusion reached in connection with that issue is dicta and is not controlling in subsequent cases. Little Giant Food Stores, Inc. v. State, Dept. of Public Safety through Com'r of Alcoholic Beverage Control, 416 So.2d 128 *554 (La.App. 2 Cir.1982). Consequently, I concur in the result reached in the majority opinion.
NOTES
[1] Dr. Homi Cooper, Dresser's company physician, concurred in these findings.
[2] Plaintiff amended his workers' compensation claim on August 28, 1995, to include the episode that occurred.
[3] While the "developing injury" rule in Sevin prompted the Supreme Court to reverse the court of appeal, the Supreme Court explicitly observed that the disability had manifested itself within two years of the workplace accident.

In the present case, plaintiff was initially treated for back strain and subsequently returned to work after being discharged by her doctors. At that point in time, plaintiff had no cause of action for a permanent and total disability claim because neither she nor her doctors believed that she was disabled. Although plaintiff's pain persisted, she nevertheless continued to work until her injury finally became disabling in April of 1990 and her doctor ordered her not to return to work. This was the point that "the injury develop[ed]" within the contemplation of Section 1209(A). Plaintiff filed her claim within one year of the eventual development of the disability that totally precluded her from working, and within two years of the accident. Her action was therefore timely filed.
Sevin at 6; 652 So.2d at 1327 [emphasis added].