IYELVERTON, J.
The issue presented by this workers’ compensation appeal is whether a claim for indemnity benefits has prescribed. The workers’ compensation judge found that Reginald Duplechain’s claim for indemnity benefits against the Louisiana Department of Transportation and Development (DOTD) was prescribed. We affirm.
FACTS
Duplechain was employed as a traffic inventory tech II with the DOTD. He was injured on July 3, 1990, when he was taking ground levels. While crossing a fence, *568 he tried to avoid a snake and landed on his left knee, causing it to break. He was paid indemnity benefits, receiving his last payment on June 13, 1993. At that time, Duplechain returned to work but continued to receive medical benefits.
On May 20, 1994, Duplechain filed a claim for compensation based on the same accident but stated on the claim form that “[t]here exists no dispute at the present time. This is being filed strictly because the one year period from the last date workers’ compensation was paid is June 17, 1994.” Two years later, on August 30, 1996, a judgment was signed dismissing that claim without prejudice. The judgment explained that the court had determined that there were no current issues to be litigated.
It appears that Duplechain had surgery on December 26, 2000, for the work-related injury. He then filed the present claim for benefits against the DOTD on March 8, 2001. The DOTD filed an exception of prescription which was granted by the workers’ compensation judge.
| .PRESCRIPTION
Louisiana Revised Statute 23:1209 provides for the prescriptive periods applicable to the filing of workers’ compensation claims. This section provides that claims are barred unless filed (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops, if not immediately manifest, but no more than two years after the accident. Furthermore, “[i]t is clear that medical payments do not interrupt prescription on a claim for weekly benefits.” Levatino v. Domengeaux and Wright, P.L.C., 593 So.2d 721, 724 (La. App. 1 Cir.1991), writ denied, 596 So.2d 196 (La.1992).
Generally, the party pleading prescription on a workers’ compensation claim bears the burden of proof on the issue. Richardson v. Tyson Foods, 01-427 (La. App. 3 Cir. 10/3/01), 796 So.2d 827. “However, where the claimant’s petition has clearly prescribed on its face, the burden of proof shifts to the claimant to show that prescription has been interrupted or suspended.” Id. at 829.
Duplechain did not file his claim until eight years after his last benefit payment. This is well past the year, or even the three years, limit for fifing claims after benefits have previously been paid. Du-plechain argues that he filed suit within one year of the last payment of indemnity benefits but it was dismissed because no dispute existed at the time. He presents the equitable argument that there is nothing a claimant can do to preserve his claim.
Harsh though the result may be, the statutory and case law is clear on the subject. A claimant cannot file suit merely to preserve a potential claim when no dispute exists. Desselle v. Dresser Indus. Valve, 96-374 (La.App. 3 Cir. 2/5/97), 689 So.2d 549, mit denied, 97-618 (La.4/25/97), 692 So.2d 1086. Therefore, the workers’ compensation judge correctly dismissed Duplechain’s suit. Duplechain has not asserted any circumstances which could have interrupted or suspended prescription. Even if we were to classify Duplechain’s suit as a claim for a developing injury as was done in Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La.4/10/95), 652 So.2d 1323, Duplechain’s claim was not filed within two years of the accident. In noting the purpose of the prescriptive periods found in Louisiana Revised Statute 23:1209, the supreme court in Clark v. Mrs. Fields Cookies, 97- *569 397, pp. 2-3 (La.1/21/98), 707 So.2d 17, 18, stated:
The purpose of the prescriptive periods set forth in the statute is to enable an employer to determine when his potential liability for an accident will cease, to prevent, as a matter of public policy, suits based on stale claims where evidence might be destroyed or difficult to produce, and to fix a statute of repose giving rise to a conclusive presumption of the waiver of the claim.
The law is clear that Duplechain’s claim was prescribed when he filed it. The workers’ compensation judge did not err in granting the DOTD’s exception of prescription.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to Reginald Duplechain.
AFFIRMED.