McDonald, j.
| Jn this workers’ compensation case, the claimant, Anthony Gobert, was participating in a work release program under the auspices of the Louisiana Department of Public Safety and Corrections. On June 14, 2000, while performing his job working for S.W.D.I., L.L.C., (hereafter S. W.D.I.) he was riding on the back of a garbage truck. The garbage truck collided with a parked vehicle, and Mr. Gobert sustained a severe injury to his lower right leg. Mr. Gobert was returned to prison because he could not perform his work duties. While he was in prison he suffered serious complications and had to undergo numerous surgeries.
After his release from state custody, Mr. Gobert was convicted of a federal offense and was taken into federal custody. On April 12, 2006, while incarcerated, he filed a disputed claim for compensation, seeking to interrupt prescription of his claims for indemnity and medical expenses. S.W.D.I. filed an answer, asserting that Mr. Gobert was incarcerated when benefits were terminated and that benefits were not due during the period of incarceration. Further, S.W.D.I, asserted that prior to his last period of incarceration, Mr. Gobert was allowed to work; that it had been more than a year since Mr. Gobert had seen the treating physician with respect to his ability to work; and further, that Mr. Gobert was not presently entitled to any weekly workers’ compensation benefits.
Thereafter, Mr. Gobert filed a motion for stay order, asserting that after the accident, he was returned to incarceration and during the incarceration he was not entitled to workers’ compensation benefits; and thus, he had filed his claim to interrupt prescription and to preserve his rights to future medical expenses and indemnity benefits when he was released from prison. S.W.D.I. filed a peremptory exception raising the objection of |3no cause of action, asserting that pursuant to La. R.S. 23:1201.4, Mr. Gobert’s workers’ compensation benefits were forfeited during his period of incarceration and that the disputed claim for compensation failed to state a cause of action upon which relief could be granted.
After a hearing, the workers’ compensation judge ruled in favor of S.W.D.I., denying the motion to stay, granting the peremptory exception raising the objection of no cause of action, and dismissing all claims with prejudice. Mr. Gobert appealed the judgment, asserting that the workers’ compensation judge erred in denying the motion for a stay order and erred in granting the peremptory exception raising the objection of no cause of action.
Louisiana Revised Statute 23:1201.4 provided (prior to amendment by Acts of 1999, No. 320):
The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration, unless a workers’ compensation *610 judge finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers’ compensation judge and such payments shall be considered as having been made to the employee. After release from incarceration, the employee’s right to claim compensation benefits shall resume.
In Clark v. Mrs. Fields Cookies, 1997-0397 (La.1/21/98), 707 So.2d 17, the court found that incarceration does not suspend the running of prescription for filing a workers’ compensation claim while the injured worker remains confined. The court specifically rejected the argument that under La. R.S. 23:1201.4, an injured worker should be prevented from filing a claim for benefits while imprisoned and that the prescriptive period would be suspended during that time.
|/Thereafter, the Louisiana legislature amended La. R.S. 23:1201.4 to add:
An employee who is incarcerated but is later found to be not guilty of felony criminal charges or against whom all felony charges have been dismissed by the prosecutor shall have the prescriptive period for filing a claim for benefits under this chapter extended by the number of days he was incarcerated.
The historical and statutory notes to La. R.S. 23:1201.4 explain the intention behind Acts 1999, No. 320, Section 2, as follows: “The provisions of this Act are intended to legislatively overrule the finding that incarceration does not suspend prescription for filing a workers’ compensation claim as stated in the Louisiana Supreme Court decision Clark v. Mrs. Field’s Cookies, 707 So.2d 17 (La.1998).”
However, while the legislature may have intended to legislatively overrule the finding that incarceration does not suspend prescription for filing a workers’ compensation claim, the amendment only suspends prescription in a small number of cases; that is, those in which the defendant is incarcerated and later found not guilty and those in which all felony charges are later dismissed. In those cases, the defendant’s right to file a claim would be suspended by the number of days he was incarcerated.
However, those inmates who are not later found to be not guilty or who do not later have all their felony charges dismissed do not have a suspension of their right to file a claim for workers’ compensation benefits. Thus in our case, Mr. Go-bert does not have a suspension of prescription for the time period during which he is incarcerated. Thus, while he cannot collect workers’ compensation benefits while he is incarcerated, he must be able to file his claim while he is incarcerated in order to preserve his right to collect benefits when he is released.
|/The Louisiana Supreme Court explained the standard of review of the sus-tainment or denial of a peremptory exception raising the objection of no cause of action in Kinchen v. Livingston Parish Council, 2007-0478 (La.10/16/07), 967 So.2d 1137, 1138 (citing Fink v. Bryant, 2001-0987 (La.11/28/01), 801 So.2d 346, 348-49) as follows:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evi *611 dence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court ... should subject the case to de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
The workers’ compensation judge found that Mr. Gobert’s right to compensation was forfeited while he was incarcerated; therefore, he had no cause of action. However, our review of the case shows that while Mr. Gobert could not collect workers’ compensation benefits while incarcerated, he did have the right to file his cause of action while incarcerated, thus we reverse the trial court judgment granting the peremptory exception raising the objection of no cause of action and remand the case to the trial court for further proceedings. Mr. Gobert’s motion to stay is denied. Costs are assessed against S.W.D.I.
REVERSED AND REMANDED.