STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-624


JASON HART

VERSUS

HIGHLINES CONSTRUCTION CO., INC., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 13-01320
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**


**Eric J. Waltner**
**Allen & Gooch**
**Post Office Box 81129**
**Lafayette, Louisiana 70598-1129**
**(337) 291-1400**
**Counsel for Defendants/Appellees:**
   **The Gray Insurance Company**
   **Highlines Construction Company, Inc.**

**Robert L. Beck, III**
**Law Offices of Robert L. Beck, Jr., LLC**
**Post Office Drawer 12850**
**Alexandria, Louisiana  71315-2850**
**(318) 445-6581**
**Counsel for Plaintiff/Appellant:**
**     Jason Hart**

**KEATY, Judge.**

The issue in this workers' compensation case is whether La.R.S. 23:1201.4 precludes an incarcerated claimant from filing a claim to establish his right to collect workers' compensation benefits upon his release from incarceration. Because we answer that question in the negative, we reverse the judgment of the workers' compensation judge (WCJ) sustaining exceptions filed by the claimant's employer and its insurer.

## FACTS AND PROCEDURAL HISTORY

The facts in this matter are not in dispute. The claimant, Jason Hart, was injured on November 12, 2007, when he came in contact with a live electrical line while working for HOTI, Inc.[1] Thereafter, The Gray Insurance Company, HOTI's workers' compensation insurer, began paying Hart weekly indemnity benefits. On February 22, 2010, Hart was incarcerated following a parole violation. Several months later, Gray ceased paying Hart indemnity benefits pursuant to La.R.S. 23:1201.4.

Hart filed a Form 1008 Disputed Claim for Compensation (1008) against HOTI and Gray (hereafter appellees) on February 25, 2013, wherein he listed as the bona fide dispute that his "[e]ntitlement to receive medical benefits has not been established." In response, the appellees filed an exception of prematurity and no cause of action and/or right of action. Before the exceptions came up for hearing, Hart filed a first supplemental and amending 1008 and a second supplemental and amending 1008 in which he claimed that the appellees had failed to authorize his evaluation by Dr. Gerald Leglue, Jr. and to approve additional

_____

[1] HOTI, Inc. was previously known as Highlines Construction Company, Inc. Whenever we use the term HOTI in this opinion, we are referring to either Highlines or HOTI, Inc.

vocational rehabilitation.  Hart sought penalties and attorney fees in both supplemental 1008s.  While the appellees did not object to Hart's filing of the two supplemental petitions, they did assert their exceptions as to the petitions.

Following a contradictory hearing, the WCJ sustained the exceptions and dismissed the matter with prejudice.  Hart now appeals asserting that the WCJ erred in holding that he was precluded from filing and/or pursuing a claim for workers' compensation medical benefits during his incarceration.

## DISCUSSION

Louisiana Revised Statutes 23:1201.4, entitled "Forfeiture of benefits while incarcerated; exclusions; medical expenses," provides, in pertinent part, as follows:

> A. . . . [T]he employee's right to compensation benefits, including medical expenses, is forfeited during any period of incarceration, unless a workers' compensation judge finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers' compensation judge and such payments shall be considered as having been made to the employee. After release from incarceration, the employee's right to claim compensation benefits shall resume.  An employee who is incarcerated but is later found to be not guilty of felony criminal charges or against whom all felony charges have been dismissed by the prosecutor shall have the prescriptive period for filing a claim for benefits under this Chapter extended by the number of days he was incarcerated.

The WCJ relied on this court's decisions in *Desselle v. Dresser Industrial Valve*, 96-374 (La.App. 3 Cir. 2/5/97), 689 So.2d 549, *writ denied*, 97-618 (La. 4/25/97), 692 So.2d 1086, and *Duplechain v. Department of Transportation and Development*, 02-356 (La.App. 3 Cir. 10/2/02), 827 So.2d 567, *writ denied*, 02-2674 (La. 1/31/03), 836 So.2d 68, as authority for granting the exceptions in favor of the appellees.  The WCJ reasoned that because La.R.S. 23:1201.4 provides that an incarcerated claimant forfeits his medical benefits, Hart had no right of action

for medical benefits when he filed his claim against the appellees. Accordingly, the WCJ declared that a claimant such as Hart "cannot just file a claim simply to interrupt prescription when at the time of the filing you have no right to the benefits you are seeking."

In *Desselle*, 689 So.2d 549, the claimant was injured at work in 1989 and began to receive workers' compensation benefits. He later returned to work for the same employer where he earned more than 90% of the wages he was earning at the time of his accident, and his employer stopped paying him benefits. Thereafter, the claimant sought "a declaratory judgment declaring his entitlement to future [supplemental earnings benefits (SEBs)] should he eventually become unable to work due to his job injury." *Desselle*, 689 So.2d at 551. As we noted, the claimant appeared to concede that he was not presently entitled to workers' compensation benefits but was "concerned with the prospect of his becoming disabled or laid off beyond the two year prophylactic prescriptive period applicable to claims for workers' compensation." *Id.* We affirmed the hearing officer's judgment holding that the claimant's action was premature and that he was not entitled to declaratory judgment because we found that there was "no existing actual and substantial dispute" or "justiciable controversy" between the claimant and his employer at that time. *Id.* at 552.

In *Duplechain*, 827 So.2d 567, the claimant began receiving indemnity benefits after he was injured at work in 1990. When he returned to work in 1993, he stopped receiving indemnity benefits but his employer continued to provide him with medical benefits. In 1994, the claimant filed a claim for compensation based upon the 1990 accident but stated therein that no dispute existed at the time. That claim was dismissed without prejudice on the basis that there were "no current

3

issues to be litigated." *Id.* at 568. The claimant filed a second claim for benefits against his employer in March of 2001, which the WCJ found was prescribed. On appeal to this court, the claimant "present[ed] the equitable argument that there is nothing a claimant can do to preserve his claim," while reiterating that he had "filed suit within one year of the last payment of indemnity benefits but it was dismissed because no dispute existed at the time." *Id.* This court nevertheless affirmed the WCJ's finding that the claim was prescribed, noting that "[h]arsh though the result may be, . . . [a] claimant cannot file suit merely to preserve a potential claim when no dispute exists." *Id.*

Hart seeks to distinguish his claim from those asserted by the claimants in *Desselle* and *Duplechain* on the basis that the injured employees in those cases made claims for benefits that were **not currently due** but which **might have become due in the future**. Hart, on the other hand, claims that he **is currently due** benefits **but cannot collect** them because he must forfeit them due to his incarceration. In that vein, he likens his claim to that asserted by the claimant in *Gobert v. S.W.D.I., L.L.C.*, 08-1598 (La.App. 1 Cir. 5/5/09), 13 So.3d 608.

In *Gobert*, an incarcerated claimant filed a disputed claim for workers' compensation "seeking to interrupt prescription of his claims for indemnity and medical expenses" arising out of an on-the-job injury that he incurred almost six years earlier. *Id.* at 609. His former employer filed a peremptory exception of no cause of action on the basis of La.R.S. 23:2101.4, arguing that the claimant had no cause of action while he was incarcerated and his right to compensation benefits was forfeited. The WCJ granted the exception of no cause of action and dismissed the matter with prejudice. On appeal, the first circuit reversed, holding that "while [the claimant] cannot collect workers' compensation benefits while he is

incarcerated, he must be able to file his claim while he is incarcerated in order to preserve his right to collect benefits when he is released." *Id.* at 610.

Hart submits that he should be allowed the opportunity to prove at trial that the medical benefits that he seeks to be provided by the appellees are reasonable and necessary under La.R.S. 23:1203. While he concedes that he will have to forfeit those benefits while he remains incarcerated, he argues that "he should not be denied access to the [c]ourt to establish his right to such benefits." Hart further submits that to allow prescription to run on an inmate's workers' compensation claim during his incarceration, without interruption, while prohibiting the inmate from pursing a claim for compensation benefits would unconstitutionally deny that inmate's access to the courts during his imprisonment, a situation that was frowned upon by the supreme court in *Clark v. Mrs. Fields Cookies*, 97-397 (La. 1/21/98), 707 So.2d 17.[2]

---

[2] The first circuit in *Gobert*, 13 So.3d at 610, discussed the supreme court case of *Clark*, 707 So.2d 17, stating:

> In *Clark v. Mrs. Fields Cookies*, 1997-0397 (La.1/21/98), 707 So.2d 17, the court found that incarceration does not suspend the running of prescription for filing a workers' compensation claim while the injured worker remains confined. The court specifically rejected the argument that under La.R.S. 23:1201.4, an injured worker should be prevented from filing a claim for benefits while imprisoned and that the prescriptive period would be suspended during that time.
>
> Thereafter, the Louisiana legislature amended La. R.S. 23:1201.4 to add:
>
> An employee who is incarcerated but is later found to be not guilty of felony criminal charges or against whom all felony charges have been dismissed by the prosecutor shall have the prescriptive period for filing a claim for benefits under this chapter extended by the number of days he was incarcerated.
>
> The historical and statutory notes to La. R.S. 23:1201.4 explain the intention behind Acts 1999, No. 320, Section 2, as follows: "The provisions of this Act are intended to legislatively overrule the finding that incarceration does not suspend prescription for filing a workers' compensation claim as stated in the Louisiana Supreme Court decision *Clark v. Mrs. Field's Cookies*, 707 So.2d 17 (La.1998)."

Appellees seek to distinguish *Gobert* on the grounds that the employer did not file an exception of prematurity in that matter. "A suit is premature if it is brought before the **right** to enforce it accrues." *Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, 11-1122, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004, *writ denied*, 12-454 (La. 4/13/12), 85 So.3d 1250 (emphasis added). Because the focus in both this case and in *Gobert* was whether the claimant has a current "right to file his cause of action" to preserve his right to collect benefits upon his release from incarceration, we conclude that the fact that the employer in *Gobert* did not file an exception of prematurity amounts to a distinction without a difference. *Gobert*, 13 So.3d at 611.

For the reasons expressed in *Gobert*, 13 So.3d 608, we conclude that the WCJ erred in sustaining the appellees' exception of no cause of action and/or right of action.[3] Moreover, we find implicit in the *Gobert* holding that if an incarcerated claimant has a **present** right to file a cause of action to preserve his right to later collect indemnity benefits should he still be otherwise entitled to them upon his release from incarceration, his claim is not premature. Thus, the WCJ also erred in sustaining the appellees' exception of prematurity.

**DECREE**

The judgment sustaining exceptions of prematurity and no cause of action and/or right of action filed by HOTI, Inc. (previously known as Highlines Construction Company, Inc.) and The Gray Insurance Company and dismissing Jason Hart's claims against them is reversed and set aside, and this matter is

---

[3] "[T]here is no such exception as an 'exception of no cause and/or right of action," and "such loose pleading is not to be condoned or encouraged." *Robinson v. N. Am. Royalties, Inc.*, 463 So.2d 1384, 1386 (La.App. 3 Cir. 1985). "[A]n exception of 'no cause of action', La.C.C.P. Art. 927(4) and an exception of 'no right of action', La.C.C.P. Art. 927(5) . . . are distinct exceptions subject to different rules." *Id.*

remanded for further proceedings. All costs of this appeal are assessed against HOTI, Inc. and The Gray Insurance Company.

**REVERSED AND REMANDED.**