# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 13-1243

HOTI, INC.

VERSUS

JASON HART

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 13-04347
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

**Eric J. Waltner
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1400
COUNSEL FOR PLAINTIFF/APPELLEE:
        HOTI, Inc.**

**Robert L. Beck, III**
**Law Offices of Robert L. Beck**
**5208 Jackson St. Ext., Suite A**
**Alexandria, LA 71303**
**(318) 445-6581**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jason Hart**

**EZELL, Judge.**

Jason Hart appeals the decision of the workers' compensation judge granting an exception of no cause of action in favor of his employer, HOTI, Inc. and its insurer, The Gray Insurance Company (collectively referred to as "HOTI"). For the following reasons, we hereby reverse the decision of the workers' compensation judge and remand this case for further proceedings.

The preliminary facts of this case were discussed in its companion case before this court, *Hart v. Highlines Const. Co., Inc.,* 13-624, pp. 1-2 (La. App. 3 Cir. 12/11/13), 127 So.3d 1053, 1053-54, (footnote omitted) (alteration in original).

> The facts in this matter are not in dispute. The claimant, Jason Hart, was injured on November 12, 2007, when he came in contact with a live electrical line while working for HOTI, Inc. Thereafter, The Gray Insurance Company, HOTI's workers' compensation insurer, began paying Hart weekly indemnity benefits. On February 22, 2010, Hart was incarcerated following a parole violation. Several months later, Gray ceased paying Hart indemnity benefits pursuant to La.R.S. 23:1201.4.

> Hart filed a Form 1008 Disputed Claim for Compensation (1008) against HOTI and Gray (hereafter appellees) on February 25, 2013, wherein he listed as the bona fide dispute that his "[e]ntitlement to receive medical benefits has not been established." In response, the appellees filed an exception of prematurity and no cause of action and/or right of action. Before the exceptions came up for hearing, Hart filed a first supplemental and amending 1008 and a second supplemental and amending 1008 in which he claimed that the appellees had failed to authorize his evaluation by Dr. Gerald Leglue, Jr. and to approve additional vocational rehabilitation. Hart sought penalties and attorney fees in both supplemental 1008s. While the appellees did not object to Hart's filing of the two supplemental petitions, they did assert their exceptions as to the petitions.

> Following a contradictory hearing, the WCJ sustained the exceptions and dismissed the matter with prejudice.

On June 19, 2013, while the previously-mentioned case was before this court on appeal, HOTI itself filed a 1008 disputed claim for compensation, directly challenging Mr. Hart's disability status. Mr. Hart filed an answer and

reconventional demand, alleging that, since he had a minor dependent who relied on his workers' compensation benefits for support, his rights to those benefits were not forfeited under La.R.S. 23:1201.4.[1] He further alleged his entitlement to an examination by a physician to prove disability in the face of HOTI's 1008.

HOTI again filed exceptions of no right and cause of action, prematurity, and res judicata. After hearing these exceptions, the workers' compensation judge again sustained HOTI's exception of no cause of action. From that decision, Mr. Hart appeals.

Mr. Hart asserts one assignment of error on appeal, that the workers' compensation judge erred in holding that he did not have a cause of action to be examined by a physician in the face of HOTI's challenge to his disability status. We agree with Mr. Hart.

The Louisiana Supreme Court explained the standard of review of the sustainment or denial of a peremptory exception raising the objection of no cause of action in *Kinchen v. Livingston Parish Council,* 07-478, p. 2 (La. 10/16/07), 967 So.2d 1137, 1138 (quoting *Fink v. Bryant,* 01-987 (La. 11/28/01), 801 So.2d 346, 348-49) as follows (alteration in original):

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court . . . should subject the case to de

---

[1] HOTI stopped paying Mr. Hart indemnity benefits after his incarceration, but continued paying the guardian of his minor child $137.50 bi-weekly through the Louisiana Department of Family Services, pursuant to a "Notice to withhold Income for Child Support."

novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

We previously discussed HOTI's exceptions of no cause of action against Mr. Hart as such:

> In *Gobert* [*v. S.W.D.I., L.L.C.,* 08-1598 (La.App. 1 Cir. 5/5/09), 13 So.3d 608]*,* an incarcerated claimant filed a disputed claim for workers' compensation "seeking to interrupt prescription of his claims for indemnity and medical expenses" arising out of an on-the-job injury that he incurred almost six years earlier. *Id.* at 609. His former employer filed a peremptory exception of no cause of action on the basis of La.R.S. 23:2101.4, arguing that the claimant had no cause of action while he was incarcerated and his right to compensation benefits was forfeited. The WCJ granted the exception of no cause of action and dismissed the matter with prejudice. On appeal, the first circuit reversed, holding that "while [the claimant] cannot collect workers' compensation benefits while he is incarcerated, he must be able to file his claim while he is incarcerated in order to preserve his right to collect benefits when he is released." *Id.* at 610.

> Hart submits that he should be allowed the opportunity to prove at trial that the medical benefits that he seeks to be provided by the appellees are reasonable and necessary under La.R.S. 23:1203. While he concedes that he will have to forfeit those benefits while he remains incarcerated, he argues that "he should not be denied access to the [c]ourt to establish his right to such benefits." Hart further submits that to allow prescription to run on an inmate's workers' compensation claim during his incarceration, without interruption, while prohibiting the inmate from pursing a claim for compensation benefits would unconstitutionally deny that inmate's access to the courts during his imprisonment, a situation that was frowned upon by the supreme court in *Clark v. Mrs. Fields Cookies,* 97-397 (La.1/21/98), 707 So.2d 17.

> Appellees seek to distinguish *Gobert* on the grounds that the employer did not file an exception of prematurity in that matter. "A suit is premature if it is brought before the **right** to enforce it accrues." *Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.,* 11–1122, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004, *writ denied,* 12–454 (La.4/13/12), 85 So.3d 1250 (emphasis added). Because the focus in both this case and in *Gobert* was whether the claimant has a current "right to file his cause of action" to preserve his right to collect benefits upon his release from incarceration, we conclude that the fact

3

that the employer in *Gobert* did not file an exception of prematurity amounts to a distinction without a difference. *Gobert,* 13 So.3d at 611.

> For the reasons expressed in *Gobert,* 13 So.3d 608, we conclude that the WCJ erred in sustaining the appellees' exception of no cause of action and/or right of action. Moreover, we find implicit in the *Gobert* holding that if an incarcerated claimant has a **present** right to file a cause of action to preserve his right to later collect indemnity benefits should he still be otherwise entitled to them upon his release from incarceration, his claim is not premature. Thus, the WCJ also erred in sustaining the appellees' exception of prematurity.

*Hart*, 127 So.3d at 1055-56 (footnotes omitted) (second and third alterations in original)

We find that this rationale concerning access to the court applies to the exception of no cause of action before us. Louisiana Revised Statutes 23:1201.4, entitled "**Forfeiture of benefits while incarcerated; exclusions; medical expenses**," provides, in pertinent part, as follows:

> A. Except as provided in Subsection B of this Section, the employee's **right to compensation benefits, including medical expenses, is forfeited during any period of incarceration, *unless* a workers' compensation judge finds that an employee has dependents who rely on a compensation award for their support,** in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers' compensation judge and such payments shall be considered as having been made to the employee. After release from incarceration, the employee's right to claim compensation benefits shall resume. An employee who is incarcerated but is later found to be not guilty of felony criminal charges or against whom all felony charges have been dismissed by the prosecutor shall have the prescriptive period for filing a claim for benefits under this Chapter extended by the number of days he was incarcerated.

"The words of a law must be given their generally prevailing meaning." La.Civ.Code art. 11. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. It is clear from a reading of this statute that all benefits are

4

forfeited during a period of incarceration, including medical expenses. It is also abundantly clear that the statute provides a unilateral exception to this forfeiture when an incarcerated employee has "dependents who rely on a compensation award for their support." The statute in no way limits the exception to indemnity benefits only, as suggested by HOTI. Had the legislature intended to limit the exception to indemnity benefits alone, the statute would surely indicate such a limit on the exception.

Moreover, reading the statute as HOTI suggests would render it absurd, as an incarcerated employee with dependents would be prevented from medically proving his dependents were entitled to indemnity benefits subject to the exception. This would be particularly egregious in this case, where it is HOTI challenging Mr. Hart's disability status, rather than him seeking benefits, insofar as it would rob him of his ability to defend the statutorily-protected benefits that have been extended to his child or place the cost of the medical evaluation at the feet of the state, rather than the employer bringing the current action. While he cannot collect workers' compensation benefits while he is incarcerated, Mr. Hart should not be denied access to the medical evidence required to establish his dependent's right to benefits under La.R.S. 23:1201.4, and he must be allowed to defend his claim in order to preserve his dependent's right to collect those benefits. The pleadings filed by Mr. Hart state that he has a claim for medical benefits under La.R.S. 23:1201.4 because he has a minor son. Those pleadings clearly state a cause of action. The workers' compensation judge erred in granting the exception of no cause of action.

For the above reasons, we reverse the decision of the workers' compensation judge and remand this case for further proceedings. Costs of this appeal are hereby assessed against HOTI and the Gray Insurance Company.

**REVERSED AND REMANDED.**